127 N.J. Super. 364 (1974)
317 A.2d 411
ESSEX CLEANING CONTRACTORS, INC., A CORPORATION, PLAINTIFF-APPELLANT,
v.
RAYMOND AMATO AND JOHN AMATO, INDIVIDUALLY AND PARTNERS T/A A & H COMPANY, A PARTNERSHIP, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1974.
Decided March 27, 1974.
*365 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Jacob M. Goldberg argued the cause for appellant (Mr. Gerald B. Goldberg, attorney).
Mr. Frank La Morte argued the cause for respondents (Messrs. Beninati & La Morte, attorneys).
PER CURIAM.
Plaintiff instituted this action against defendants to recover for janitorial services furnished by it in three commercial buildings in East Orange, New Jersey. Originally plaintiff was hired by United States Realty Company, managing agents for Dr. Lindsey Scott, the owner of these three buildings, to perform janitorial services therein at $1500 a month. The buildings were purchased by Dr. Scott from defendants, who took back a second purchase money mortgage. When Dr. Scott defaulted in his payments *366 on his mortgage, defendants were authorized to collect the rents. At about this time United States Realty Company notified plaintiff to discontinue its services because the ownership of the buildings was about to be changed and that if it desired to continue servicing the buildings it would have to see defendants.
The trial court held, after considering the testimony of two of the officers of plaintiff and Mr. Raymond Amato, one of the defendant partners, that all three witnesses were completely honest. He also found that Amato informed plaintiff to continue with the work and the plaintiff in fact performed the work in November, December and up to January 12, 1973. However, the trial court held that even though Amato advised plaintiff to continue on with the work, the court stated that it could not make this into a contract with Amato. In reaching this decision the trial court found that Dr. Scott still owned the buildings and therefore was primarily responsible for them, and appeared to ground its decision on the fact that since defendants had not yet received the deed, defendants could not be liable legally for the work done by plaintiff.
Our careful review of the trial court's opinion indicates that the trial court misconceived the responsibility of a mortgagee in possession for contracts entered into in connection with the property. A mortgagee who goes into possession of the mortgaged property assumes responsibility for the management and preservation of the property. Zanzonico v. Zanzonico, 2 N.J. 309, 316 (1949), cert. den. 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532 (1949). The duty of a mortgagee in possession is that of a provident owner. Merchants', &c., Realty Co. v. Stern, 101 N.J. Eq. 629 (Ch. 1927), aff'd 102 N.J. Eq. 290 (E. & A. 1928). While no New Jersey case has been found specifically holding that a mortgagee in possession is liable for services rendered to him during his occupancy, it has been held that he is answerable for its torts. See Scott v. Hoboken Bank for Savings, 126 *367 N.J.L. 294, 298 (Sup. Ct. 1941), aff'd 127 N.J.L. 564 (E. & A. 1942). In Osborne, Law of Mortgages (2 ed. 1970), 283, it is stated:
When a mortgagee goes into possession questions as to his personal liability arising out of his relations with third parties arise. Since he is the person in possession of the premises he is personally liable in tort for injuries resulting either through his actionable fault in utilizing the property or by reason of his failure to perform duties imposed by law upon the owner of the land. Even more clearly he is liable for goods and services furnished to him during his occupancy. [Emphasis added]
See also, Baumgard v. Bowman, 31 Ohio App. 266, 167 N.E. 166 (App. Ct. 1928), app. dism. per curiam 120 Ohio St. 614, 169 N.E. 303 (Sup. Ct. 1929); First Nat'l Bank v. Matlock, 99 Okl. 150, 226 P. 328, 36 A.L.R. 1088 (Sup. Ct. 1924).
We are of the view that a mortgagee in possession may be liable for the services rendered to him in connection with the property during his occupancy thereof on the basis of an express or implied contract. Since defendants were mortgagees in possession of the three commercial properties owned by Dr. Scott, they would be liable for the contracts entered into for the furnishing of services for these buildings. Accordingly, we remand the matter to the trial court to enable it, on the basis of the evidence heretofore presented, to make the following specific findings of fact: (1) whether plaintiff and defendants entered into an express contract to perform the janitorial services for the three buildings owned by Dr. Scott; (2) if so, the price agreed upon for performing said services; (3) whether the work was performed in accordance with said contract, and (4) the amount of money, if any, defendants owe to plaintiff in accordance with said contract.
While plaintiff also sought recovery in this action on the theory of implied contract, we are satisfied that it failed to sustain its burden of proving the reasonable value of such janitorial services. We therefore specifically point out to the *368 trial judge that in remanding the matter for findings of fact we do so solely with respect to the claim based on express contract.
The matter is remanded with directions that the trial court make findings of fact with respect to the aforementioned questions, which are to be filed with this court on or before May 15, 1974. We retain jurisdiction.