■ EZRIEL EQUITIES ASSOCIATES L.P., Appellant, v 157 EAST 72ND STREET ASSOCIATES et al., Defendants, and BOARD OF MANAGERS OF 157 EAST 72ND STREET CONDOMINIUM, Respondent. [638 NYS2d 470]

The IAS Court properly directed the receiver to apply rental proceeds first to the payment of common charges during the pendency of the foreclosure. Plaintiff relies on Real Property Law § 339-z, which provides in relevant part, that "[t]he board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges thereof * * * prior to all other liens except * * * all sums unpaid on a first mortgage of record". It is true that in *Bankers Trust Co. v Board of Mgrs.* (81 NY2d 1033, 1036), the Court of Appeals held that by the "plain language and meaning" of section 339-z, "it is clear that the Legislature intended to subordinate liens for unpaid common charges to a first mortgage". However, the issue in *Bankers Trust* was whether the board of managers' lien on unpaid common charges should be paid *out of the proceeds of the foreclosure sale*; the dispute in the instant case involves payment of common charges from rental proceeds *during the pendency of the foreclosure action.* The receiver in the instant case, as an officer of the court, had the discretion to direct that rental proceeds first be applied toward payment of the units' common charges in the interest of preserving the premises during the foreclosure action (*see, First N. Y. Bank for Bus. v 155 E. 34 Realty Co.*, 158 Misc 2d 658, 661).

Plaintiff contends that, in any event, the receiver should have been directed to pay real estate taxes before common charges. However, plaintiff never documented its assertions about the urgency of the tax matter, namely that $200,000 in back taxes were owed and that one of the encumbered units already was the subject of an in rem proceeding by the City.

Plaintiff's argument that it is entitled to the rent collected for rental periods prior to the November 1994 commencement of the receivership is without merit. It is not clear from the record, but it appears that plaintiff as mortgagee retained the right to enter and take possession of the mortgaged premises upon default. However, in order to justify a collection of rents in such a situation, there must be "a formal demand made of the mortgagor [for possession] and a refusal" (*Gomez v Bobker*, 124 AD2d 703, 704, *lv denied* 69 NY2d 608). Here, plaintiff failed to make such a formal demand. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.