917 A.2d 790 (2007)
391 N.J. Super. 170
WOODVIEW CONDOMINIUM ASSOCIATION, INC., Plaintiff-Respondent,
v.
Kevin SHANAHAN, Defendant-Appellant, and
Tomas Pratts, Jr. a/k/a Thomas Pratts, Jr., Defendant.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 2007.
Decided February 26, 2007.
*791 Richard P. Haber, argued the cause for appellant (Zucker, Goldberg & Ackerman, attorneys, Mountainside; Mr. Haber and Taneisha J. Ingram, of counsel and on the brief).
Anthony J. Monaco, Freehold, argued the cause for respondent (Gross, Truss & Herstik, attorneys; Neal Herstik, of counsel; Mr. Monaco, on the brief).
Before Judges LEFELT, PARRILLO and SAPP-PETERSON.[1]
The opinion of the court was delivered by
PARRILLO, J.A.D.
At issue in this appeal is whether a mortgagee in possession is liable for delinquent condominium common charges, which had accrued against the property's legal owner, for services furnished during the mortgagee's possession and control of the premises. We hold the mortgagee in possession is personally liable even though he is not the legal owner and therefore affirm the Law Division's ruling to that effect. However, we vacate the judgment entered and remand for a proper determination of the amount due.
The Woodview Condominium complex is a thirty-four unit housing development in Millville. Pursuant to a master deed and by-laws, the complex is governed by plaintiff Woodview Condominium Association, Inc. (Association), which is "responsible for the administration and management of the condominium and condominium property, including but not limited to the conduct of all activities of common interest to the unit owners." N.J.S.A. 46:8B-12. Among other *792 things, the Association is charged with the duty to care for and maintain the common elements at the complex, in which the owners of the units have an undivided interest. N.J.S.A. 46:8B-3h. To fund this effort, the Association, pursuant to the master deed and by-laws, assesses and collects fees on a monthly basis to cover each unit owner's pro-rata share of common expenses, since the individual units are not separately metered for the water and utilities they consume. Common expenses are those "expenses for which the unit owners are proportionately liable" and include: "(i) all expenses of administration, maintenance, repair and replacement of the common elements; (ii) expenses agreed upon as common by all unit owners; and (iii) expenses declared common by provisions of [the Condominium Act] or by the master deed or by the bylaws." N.J.S.A. 46:8B-3e. As to the latter, the master deed includes "utility charges" among the common expenses for which unit owners must pay their proportionate share.
In April 1997, defendant Kevin Shanahan acquired title to two of the units at the Woodview complex. During his ownership, defendant defaulted on his obligation to pay the monthly condominium assessments, which he cured when sued by plaintiff. On January 11, 2000, defendant conveyed title to the two units to Tomas Pratts, Jr. who, in exchange, executed a one-year purchase money mortgage in the amount of $33,000 payable to defendant. One year later, on January 29, 2001, plaintiff filed an assessment lien on each property, totaling $3,192.50, apparently owing to Pratts' failure to pay the monthly condominium fees. Nine months later, in September 2001, Pratts also defaulted on his mortgage with defendant and as a result, defendant assumed control of both units as a mortgagee in possession. Although it is unclear from the record precisely when this occurred, as early as June 17, 2002, Pratts and defendant entered into a management agreement for the units. Defendant also rented out each unit to third parties, one lease commencing on April 29, 2003, and the other sometime in April 2004. Although defendant satisfied the Association's assessment liens, he never paid the monthly condominium fees while in possession and control of the premises. On March 2, 2005, defendant instituted a mortgage foreclosure action against Pratts and thereafter successfully resisted the Association's motion to appoint a rent receiver to apply rents collected to its monthly assessment charges.
Consequently, on April 13, 2005, plaintiff sued defendant and Pratts for conversion and on a book account. Pratts failed to answer or otherwise respond to plaintiff's complaint and on February 6, 2006 a default judgment in the amount of $70,418.92 was entered against him.
In lieu of answering the complaint, defendant moved to dismiss on the basis that he was not personally liable for the accrued fees because he did not hold legal title to the units. His motion was denied on July 8, 2005 and because he never filed a timely answer, default was subsequently entered against him. Despite the entry of default, defendant was fully heard in opposition to plaintiff's summary judgment motion, which was ultimately granted, the judge reasoning:
To adopt . . . defendant's argument would simply be to allow him to benefit totally unfairly by keeping this matter in limbo; he controls when he brings a foreclosure action. He avoids his personal responsibility for all these condominium fees, and in the meantime he pockets the rent. I mean, it just . . . defies the law and defies any sense of equity involved.
*793 Accordingly, judgment in the amount of $41,200.24 was entered in plaintiff's favor.
On appeal, defendant reiterates the argument that a mortgagee in possession is not liable for monthly assessments accrued during the time of his possession or control, but if so, then the matter must be remanded for a hearing on the amount due.
It has long been the view that if a mortgagor defaults in the payment of mortgage debt, the mortgagee has the right to take possession of the mortgaged property, subject to the mortgagor's right of redemption. Hands v. Russell, 115 N.J.Eq. 55, 57, 169 A. 361 (Ch.1933); see also Stewart v. Fairchild-Baldwin Co., 91 N.J.Eq. 86, 88, 108 A. 301 (E. & A.1919) (noting that upon the breach of a mortgage condition, the mortgagee obtains "all the incidents of a common law title" and "the right to the possession of the mortgaged premises"). To be sure, legal title remains in the mortgagor and the mortgagee in possession does not obtain an unfettered interest akin to fee simple ownership. McCorristin v. Salmon Signs, 244 N.J.Super. 503, 508, 582 A.2d 1271 (App.Div. 1990). Nevertheless, upon taking possession of the property, the mortgagee in possession has the right to occupy the property as well as the right to lease the property to a third party, and to collect the rent and profits. United Nat'l Bank v. Parish, 330 N.J.Super. 654, 657, 750 A.2d 238 (Ch.Div.1999); Citizens Trust Co. of Paterson v. Paoli, 131 N.J.Eq. 353, 355, 25 A.2d 282 (Ch.1942). In addition, the mortgagee in possession has standing to sue a third party for damage to the property. McCorristin, supra, 244 N.J.Super. at 509-10, 582 A.2d 1271.
Concomitant with the entitlement to profits and rent, mortgagees in possession assume the duties of a provident owner, which requires "management and preservation of the property." Essex Cleaning Contractors, Inc. v. Amato, 127 N.J.Super. 364, 366, 317 A.2d 411 (App.Div.), certif. denied, 65 N.J. 575, 325 A.2d 709 (1974); see also United Nat'l Bank, supra, 330 N.J.Super. at 660, 662, 750 A.2d 238 (noting that "the mortgagee in possession is bound to the actions of a `provident' or `prudent' mortgagor" which contemplates a "grave responsibility for the management and preservation of the property") (internal quotation marks omitted). This is because although the mortgagee is in possession, legal title remains in the mortgagor, who has the right to redeem the property, and title only passes to the mortgagee at the conclusion of the foreclosure process.
Thus, mortgagees in possession have long been held to "the duty of treating the property as a provident owner would treat it, . . . of using the same diligence to make it productive that a provident owner would use" and "to keep it in good ordinary repair." Shaeffer v. Chambers, 6 N.J.Eq. 548, 557 (Ch.1847). Indeed, a mortgagee in possession is liable both for damages to the property while in possession, Zanzonico v. Zanzonico, 2 N.J. 309, 316, 66 A.2d 530, cert. denied, 338 U.S. 868, 70 S.Ct. 143, 94 L.Ed. 532 (1949), and in tort for injuries arising from "his actionable fault in utilizing the property or . . . his failure to perform duties imposed by law upon the owner of the land." Essex Cleaning, supra, 127 N.J.Super. at 367, 317 A.2d 411 (quoting Osborne, Law of Mortgages 283 (2d ed. 1970)); see also Scott v. Hoboken Bank for Sav., 126 N.J.L. 294, 298, 19 A.2d 327 (Sup.Ct.1941), aff'd, 127 N.J.L. 564, 23 A.2d 399 (E. & A.1942). Furthermore, "[a] mortgagee in possession may also be subject to prosecution by local governmental authorities for the failure of the mortgaged property to conform to housing codes, health and safety ordinances and other similar regulations." *794 United Nat'l Bank, supra, 330 N.J.Super. at 661, 750 A.2d 238. And, mortgagees in possession have been required to "pay taxes as they accrue on the property." Id. at 662, 750 A.2d 238.
Significant for present purposes, "a mortgagee in possession may be liable for services rendered to him in connection with the property during his occupancy thereof on the basis of an express or implied contract." Essex Cleaning, supra, 127 N.J.Super. at 367, 317 A.2d 411. There, a mortgagor defaulted on a note, and the mortgagee took possession of the three commercial buildings securing the note. Id. at 365-66, 317 A.2d 411. Prior to default, the mortgagor had contracted with a janitorial service to clean the buildings, and upon taking possession after the default, the mortgagee authorized the janitorial service to continue cleaning the buildings. Ibid. Thereafter, the mortgagee in possession failed to pay the janitorial company for the services it had rendered, and the janitorial company filed suit. Ibid. The trial court held that the mortgagee in possession was not liable for the janitorial services because legal title to the buildings remained with the mortgagor. Id. at 366, 317 A.2d 411. We disagreed and quoted with approval from Osborne, Law of Mortgages:
When a mortgagee goes into possession questions as to his personal liability arising out of his relations with third parties arise. Since he is the person in possession of the premises he is personally liable in tort for injuries resulting either through his actionable fault in utilizing the property or by reason of his failure to perform duties imposed by law upon the owner of the land. Even more clearly he is liable for goods and services furnished to him during his occupancy.

[Id. at 367, 317 A.2d 411 (quoting Osborne, Law of Mortgages 283 (2d ed. 1970)) (emphasis supplied).]
At issue here is defendant's non-payment of the pro-rata share of common expenses related to utilities, administration and maintenance supplied to him during the time he was in possession of the units. These resources are undeniably goods and services as contemplated by Essex Cleaning. Although, unlike the mortgagee in possession in Essex Cleaning, defendant did not expressly or directly contract for these services with the Association, such an agreement is manifested by other conduct sufficient to establish a contract either implied-in-fact or implied-in-law. See Wanaque Borough Sewerage Auth. v. Tp. of W. Milford, 144 N.J. 564, 574-75, 677 A.2d 747 (1996); see also First Nat'l Bank of Okmulgee v. Matlock, 99 Okla. 150, 226 P. 328, 331-32 (1924).
Equitable considerations also support this conclusion. Defendant fully accepted the services either rendered directly or funded by the Association to ensure the premises' habitability and was therefore unjustly enriched by collecting rents without contributing his pro-rata share to their costs. Wanaque Borough Sewerage Auth., supra, 144 N.J. at 574-75, 677 A.2d 747. ("Like the equitable doctrine of restitution, the key element of a quasi-contract claim is that one party has been unjustly enriched at the expense of another."). In our view, having enjoyed the benefit of these goods and services throughout his possession and control of the premises, and consistent with the rights and duties of mortgagees in possession generally, defendant suffers the burden of their cost.
Cases involving the rights and duties of a court-appointed receiver in a mortgage foreclosure action are closely analogous. Similar to the mortgagee in possession, a receiver's duty is to preserve *795 and operate the property in foreclosure. In First N.Y. Bank for Business v. 155 E. 34 Realty Co., 158 Misc.2d 658, 601 N.Y.S.2d 990 (Sup.Ct.1993), the court held that the receiver appointed by the court upon the application of the bank mortgagee of a garage condominium unit in a foreclosure action must pay the common charges applicable to the unit for the period of the receivership. Id. at 993. In that case, the bank elected to preserve what it considered to be an asset  an operating garage  and the receiver profitably operated the existing business. Under those circumstances, the court held that the mortgagee bank "should not be entitled to benefit [from the receiver's services] unless all expenses in connection with the operation of the business under the receivership are paid in full." Ibid. See also Resolution Trust Corp. v. J.I. Sopher & Co., 927 F.Supp. 753, 756 (S.D.N.Y.1996) (held that court-appointed receiver was required to pay to condominium's board of managers monthly condominium common charges that had accrued on the property over the last fifteen months of the receivership but not those common charges coming due in the future because receivership is no longer benefiting the mortgagee); Ezriel Equities Assocs. v. 157 E. 72nd St. Assocs., 225 A.D.2d 326, 638 N.Y.S.2d 470, 471 (holding the receiver properly applied rental income from the property to the payment of common charges during the pendency of the foreclosure action), appeal dismissed, 88 N.Y.2d 1064, 651 N.Y.S.2d 407, 674 N.E.2d 337 (1996).
As with the mortgagee banks in the New York cases, who benefited from the receiver's services, here the mortgagee in possession undoubtedly benefited from services either provided or funded by plaintiff. Based on the same equitable principles that compelled receivers in those cases to apply rent proceeds to common charges before payment of the mortgage, defendant here should not be allowed to benefit from the services and goods he has received without having to pay plaintiff his pro rata share of the costs.
Defendant nevertheless argues, through a series of analogies, that he is not personally liable. Comparing condominium fees to realty improvements which the mortgagee has no right to impose upon the mortgagor, Clark v. Smith, 1 N.J.Eq. 121, 138 (Ch.1830); Mortgagee in Possession, 30 N.J. Practice (Cunningham and Tischler, Law of Mortgages), § 21.10, 138 (1975), defendant posits that requiring him to pay the assessments will impermissibly increase the title holder's cost of redemption. He offers no legal support for this proposition. In any event, the analogy fails because the monthly dues, unlike realty improvements, represent carrying costs necessary to maintaining the property and keeping the rental income flowing. And equally faulty is defendant's comparison to a purchaser at a foreclosure sale who, by virtue of N.J.S.A. 46:8B-21(e), enjoys statutory protection from liability for any condominium fees chargeable to the former owner. Micheve, L.L.C. v. Wyndham Place at Freehold Condo. Ass'n, 370 N.J.Super. 524, 528, 851 A.2d 743 (App. Div.2004); CKC Condo. Ass'n v. Summit Bank, 335 N.J.Super. 385, 389-90, 762 A.2d 674 (App.Div.2000).
Lastly, defendant argues that in contrast to the Association's remedies against the legal owner, plaintiff's only recourse against a mortgagee in possession is that afforded by N.J.S.A. 46:8B-21, which gives plaintiff's assessment lien a super priority over defendant's mortgage limited to the amount of six months of unpaid usual and customary common charges. We disagree. The statutory provision addresses the issue of lien priority upon the foreclosure sale rather than liability for goods and services received either before or during *796 the pendency of foreclosure proceedings. Nothing in N.J.S.A. 46:8B-21 suggests that the limited super priority is the Association's exclusive remedy for unpaid assessments accrued during the tenure of a mortgagee in possession, or restricts the Association's ability to further seek a money judgment against that defaulting party. Accordingly, N.J.S.A. 46:8B-21 is not a statutory bar to payment of common charges during the pendency of foreclosure proceedings.
For all these reasons, we concur in the trial court's ruling holding defendant liable for the outstanding condominium fee assessments accruing during his possession and control of the units. However, a question remains as to whether the judgment is correct in the amount rendered. Since the mortgagee is not entitled to rents or profits accrued before the date of taking possession, it follows, as a matter of course, that defendant is not liable for delinquent condominium fees accruing before he came into possession of the realty. Here, however, it appears from the record that the judgment entered against defendant does in fact include monthly assessments accrued before defendant actually took possession of the two units and for which, therefore, he is not responsible. Indeed, although the record is unclear as to when defendant assumed possession of the premises, it is nevertheless certain that the judgment against defendant includes assessments dating as far back as September 2001, which, by all accounts, predates the time when defendant's payment obligation commenced. Ordinarily, we would not consider this issue on appeal because it was never properly presented and developed before the trial court and in fact was only alluded to at the close of oral argument on the summary judgment motion. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 A.2d 142 (1973). Nevertheless, in the interest of fairness, we deem it appropriate to remand the matter for the limited purpose of determining the date on which defendant became a mortgagee in possession and then appropriately adjusting the amount of the judgment based on that determination. We emphasize that the remand is limited in scope to this singular purpose. We reject defendant's further requests to broaden the remand hearing to consider his proposed affirmative defenses, including waiver and setoff, inasmuch as these and other arguments were clearly never raised below, do not appear implicated in the proofs of record, and are therefore precluded from review on appeal. Cipala v. Lincoln Technical Inst., 179 N.J. 45, 52, 843 A.2d 1069 (2004).
Remanded for proceedings consistent with this opinion. The judgment is affirmed in all other respects.
NOTES
[1] Judge Sapp-Peterson did not participate in oral argument. However, the parties have consented to her participation in the decision.