**RC HOTELS (VIRGIN ISLANDS), INC., Plaintiff**

**v.**

**B&T COOK FAMILY PARTNERS, LTD., a TEXAS LIMITED PARTNERSHIP and GREAT BAY CONDOMINIUM OWNERS ASSOCIATION, INC., Defendants**

Civil No. ST-10-CV-543

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 20, 2012

3

 

RICHARD P. FARRELLY, ESQ., Birch, de Jongh & Hindels, PLLC, Poinsettia House at Bluebeard's Castle, St. Thomas, USVI, *Counsel for Plaintiff RC Hotels (Virgin Islands), Inc.*

JAMES M. DERR, ESQ., St. Thomas, USVI, *Counsel for Defendant Great Bay Condominium Owners Association, Inc.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(July 20, 2012)

**THIS MATTER** is before the Court on Plaintiff RC Hotels (Virgin Islands), Inc.'s Motion to Dismiss Counterclaim and Motion to Strike Defendant Great Bay Condominium Owners Association, Inc.'s Affirmative Defense No. 2.[1] RC Hotels seeks a dismissal of Great Bay's counterclaims against it for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and seeks to strike Great Bay's affirmative defense, equitable subrogation, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court will deny the Motion to Dismiss and will deny as moot the Motion to Strike.

## FACTS

On August 13, 2008, Defendant B&T Cook Family Partners, Ltd. executed and delivered a note in favor of The Ritz Carlton Development

---

[1] Defendant B&T Cook Family Partners, LTD., a Texas Limited Partnership has not appeared in this action. The Court continues to reserve ruling on RC Hotels' Motion for Entry of Default as to B&T Cook, as of Order dated April 14, 2011.

4

Company, Inc. for a sum of money. On the same day, B&T Cook delivered a mortgage to The Ritz Carlton Development Company, Inc. to secure the payment of the Note. Ritz Carlton recorded the mortgage on September 19, 2008, which covered Residence Interest No. 6201 (the "Unit"). The Note and Mortgage were subsequently assigned to RC Hotels (Virgin Islands) Inc.

When B&T Cook defaulted under the Note, RC Hotels sent it a demand letter on February 8, 2010. Having failed to cure the default, RC Hotels initiated this action for debt and foreclosure of real property on September 21, 2010. RC Hotels named Great Bay as a defendant in this case by virtue of its lien which was recorded on January 19, 2010. Great Bay filed an Answer and Counterclaim. In the Answer, Great Bay's second affirmative defense states that RC Hotels' "claimed first priority mortgage interest is equitably subrogated to the statutory lien interest of [Great Bay] by virtue of RC Hotels' breach of its contractual and fiduciary duties to [Great Bay]."[2] The four-count Counterclaim asserts liability for RC Hotels as mortgagee in possession, and for breach of contract and breach of fiduciary duties, and also requests equitable subrogation. On January 24, 2012, Great Bay withdrew its claim for equitable subrogation in its First Amended Answer and Counterclaim.

## DISCUSSION

### I. FEDERAL RULE 12(B)(6) STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure[3] requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[5] However, a plaintiff is obliged to provide "more

---

[2] (Answer, Affirmative Defense ¶ 2.)

[3] See SUPER. CT. R. 7 ("The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith . . . the Federal Rules of Civil Procedure . . . .").

[4] FED. R. CIV. P. 8(a)(2).

[5] L'Henri, Inc v. Vulcan Materials Co., 53 V.I. 794, 798 (D.V.I. 2010) (citing Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)).

5

than labels and conclusions."[6] To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.' "[7] Determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[8] In making the plausibility determination, first the Court must separate the factual and legal elements of the claim and second "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief."[9] "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.' "[10]

## II. GREAT BAY'S CLAIM FOR LIABILITY AS MORTGAGEE IN POSSESSION

Under Count One of the Counterclaim, Great Bay asserts that in the underlying foreclosure action, RC Hotels elected to accelerate the Mortgage and Note and to seek recovery of the full amount of the Note, plus interest and other damages. Great Bay further states that paragraph 19 of the Mortgage states that the Borrower, B&T Cook, shall not be entitled to possession or use of the mortgaged premises after the Lender, RC Hotels, has accelerated the balance due. The Mortgage also provides that in the event of default, RC Hotels has the automatic right to exclusive possession. By giving notice of acceleration of the Mortgage and Note, Great Bay argues that RC Hotels elected to exercise its right to possession of the Unit and became a mortgagee in possession of the Unit since RC Hotels locked B&T Cook out of the Unit and refused to allow rental of the delinquent Unit. As a mortgagee in possession of the Unit, Great Bay contends that RC Hotels is responsible for all dues and assessments imposed on the Unit from the date of notice of acceleration of the Mortgage and Note.

---

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

[8] *Iqbal*, 129 S. Ct. at 1950.

[9] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[10] *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

In support of its Motion to Dismiss, RC Hotels claims that it is not the owner of the premises, is not in possession of the same and cannot possess the Unit without judicial intervention. RC Hotels points the Court's attention to title 28, section 922 of the Virgin Islands Code for the proposition that RC Hotels is not in possession or liable for Great Bay's assessments until it acquires title to the Unit. RC Hotels has not yet acquired title. In addition, RC Hotels states that Section 8.2(b) of Great Bay's recorded Supplementary Declaration of Condominium addresses the responsibility for dues and assessments. Section 922 states, in part:

> Where the mortgage [sic] of a first mortgage of record or other purchaser of an apartment obtains title to the apartment as a result of foreclosure of the first mortgage, such acquirer of title, his successors and assigns, shall not be liable for the share of the common expenses or assessment by the Association of Apartment Owners chargeable to such apartment which became due prior to the acquisition of title to such apartment by such acquirer. Such unpaid share of common expenses or assessments shall be deemed to be common expenses collectible from all of the apartment owners including such acquirer, his successors and assigns.[11]

RC Hotels states that Section 8.2(b) mirrors Section 922. Further, RC Hotels argues that possession of the Unit prior to acquiring title is unlawful and cites title 28, section 290 of the Virgin Islands Code as authority for this proposition. Section 290 states that a "mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale according to law, and a judgment thereon." RC Hotels contends that it has properly sought judicial intervention to prosecute its interest in the Unit.

Further, RC Hotels states that the parties executed a Management Agreement which states that RC Hotels assumes no liability for any failure of or default by any individual member in the payment of any assessment or other charges due to Great Bay.

In its Opposition, Great Bay refers to the RESTATEMENT (THIRD) OF PROPERTY which states that a mortgagee who obtains possession of the

---

[11] V.I. CODE ANN. tit. 28, § 922(b) (1996).

mortgaged real estate may retain it until the mortgage is redeemed or foreclosed if: (1) the mortgagor voluntarily delivers possession to the mortgagee; (2) the mortgagee enters after abandonment of the mortgagor; or (3) the mortgagee enters after purchasing the real estate in good faith at an invalid foreclosure sale.[12] Great Bay therefore, reasons that so long as RC Hotels came into possession of the premises peaceably and in accordance with RESTATEMENT § 4.1(c), there is nothing to prevent it from obtaining mortgagee in possession status and, thus, being obligated to pay condominium association dues. For support of this argument, Great Bay cites *Woodview Condominium Association, Inc. v. Shanahan*, a case whose facts are similar to the present case.[13] In *Shanahan*, the Appellate Division, Superior Court of New Jersey, addressed whether a mortgagee in possession is liable for delinquent condominium common charges, which had accrued against the property's legal owner, for services rendered during the mortgagee's possession and control of the premises. The court held that the mortgagee in possession was personally liable even though he was not the legal owner.

 It is well-known that a mortgage is regarded as a mere lien, and not as an instrument creating title.[14] The Court agrees with Great Bay that it does not have to analyze how RC Hotels gained possession of the Unit, whether it was by self-help or under a colorable claim of right provided by the Mortgage. Although the parties' arguments, in part, revolve around the RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES, the question at hand is whether or not RC Hotels had actual possession of the Unit. Great Bay's facts, as stated in the First Amended Counterclaim, support the inference that RC Hotels exercised exclusive possession of the Unit by locking B&T Cook out of the Unit and by refusing to rent the Unit. Further, the Court notes that Section 922 merely outlines that a first mortgagee of record or other purchaser who obtains title as a result of foreclosure shall not be liable for past due condominium assessments, but it does not address the liability of a mortgagee in possession for condominium dues accruing while it is actually in possession of the property. Reading the Counterclaim under the Rule 12(b)(6) standard,

---

[12] RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 4.1.

[13] 391 N.J. Super. 170, 917 A. 2d 790 (N.J. Super. Ct. App. Div. 2007).

[14] 28 V.I.C. § 290; *see also UMLC VP LLC v. Matthias*, 364 F.3d 125, 45 V.I. 786, 797 (3d Cir. 2004).

Great Bay's claim of liability as mortgagee in possession is plausible on its face and, therefore, survives the Motion to Dismiss.

### III. GREAT BAY'S CLAIM FOR BREACH OF CONTRACT

The second cause of action in the Counterclaim is for breach of contract. It states that RC Hotels and Great Bay executed a Management Agreement. The parties executed this document when RC Hotels exercised complete control over the condominium association. One of the obligations in the Management Agreement was RC Hotels' duty to bring foreclosure actions against delinquent unit owners on behalf of Great Bay. Great Bay claims that RC Hotels failed to institute this foreclosure action in a timely manner, failed to move promptly for entry of default judgment, and unreasonably delayed prosecution of this action.

In the Motion to Dismiss, RC Hotels asserts that it did not delay bringing this foreclosure action and even if it did, such delay does not give rise to a claim for breach of contract. Further, RC Hotels states that it named Great Bay as a party in this case by virtue of its secondary lien and as a lienholder, Great Bay has a right to file its own foreclosure action. Moreover, RC Hotels states that the Management Agreement provides, in pertinent part, that the obligations and responsibilities set forth in the Management Agreement shall be performed as often as RC Hotels, in its sole discretion, and in accordance with all applicable laws, deems necessary. Thus, RC Hotels states that it had many years to file this action, and was not in breach of contract by failing to file the foreclosure action more promptly.

For a breach of contract claim, a plaintiff must show: (1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages.[15] The parties agree that they executed the Management Agreement that imposed certain duties on RC Hotels. The Court will, therefore, analyze the third and fourth elements of the breach of contract claim.

The Complaint does not state the exact date that B&T Cook defaulted under the Mortgage, but it states that "as a result of their default there is due and owing to [RC Hotels] accrued interest up through March 19, 2010," in a specified amount. Thus, the Court will use the date of March

---

[15] *Arlington Funding Servs., Inc. v. Geigel,* 51 V.I. 118, 134-35 (2009).

19, 2010 in its analysis of Great Bay's assertion that RC Hotels failed to commence this action in a timely fashion. RC Hotels filed the Complaint in this case on September 21, 2010, approximately six months and twenty-four days after B&T Cook's default. One can certainly argue plausibly that delaying almost seven months in commencing a foreclosure action is unreasonable.

■ The Court notes that although certain provisions in the Management Agreement relieve RC Hotels of liability for Great Bay's claims and permit RC Hotels to, in its sole discretion, perform actions it deems necessary, the Management Agreement also imposed the duty on RC Hotels to bring foreclosure actions against delinquent unit owners on behalf of Great Bay. At this stage in the litigation, the main issue is whether RC Hotels' delay in bringing this foreclosure action was unreasonable and, thus, breached the parties' Management Agreement. Looking at the facts of the alleged breach of contract in the light most favorable to the non-moving party, the Court opines that Great Bay's claim for breach of contract is plausible on its face and survives the Motion to Dismiss.

## IV. GREAT BAY'S CLAIM FOR BREACH OF FIDUCIARY DUTIES

In the Counterclaim, Great Bay's claim for breach of fiduciary duties reasserts many of the facts asserted in the breach of contract claim, namely that RC Hotels and Great Bay executed a Management Agreement during the time that RC Hotels exercised complete control over the condominium association. Great Bay argues that by agreeing to act as the managing agent for Great Bay, RC Hotels assumed certain fiduciary obligations. Among those obligations was the responsibility to not harm the economic interests of Great Bay and not to receive any economic benefit for itself to the detriment of Great Bay. Great Bay argues that RC Hotels has breached its fiduciary duty to Great Bay by failing to bring the foreclosure action in a timely fashion, failing to timely move for entry of default and default judgment, and for claiming a total due on the subject mortgage that is less than one-half of the amount that RC Hotels claims is due on the mortgage.

In the Motion to Dismiss, RC Hotels contends that it did not owe any fiduciary duty to Great Bay. Furthermore, RC Hotels argues that Great Bay has not supported its claim that RC Hotels breached a fiduciary duty

10

or displayed any gross negligence or willful misconduct by RC Hotels as per the contract.

■ A fiduciary is a "person who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, trust, confidence, and candor."[16] "The existence and scope of a fiduciary duty is determined by the relationship between parties."[17] "If the relationship is established by contract, the existence and scope of a fiduciary duty may be ascertained by examining the contractual terms."[18]

■ Here, Great Bay alleges that RC Hotels assumed fiduciary obligations by its execution of the Management Agreement, which made it the managing agent for Great Bay. Specifically, the Management Agreement provides that RC Hotels assumes all of the duties of the Board of Directors. Based on the excerpts of the Management Agreement provided by the parties, there appears to be, at a minimum, a fiduciary relationship between RC Hotels and Great Bay. The facts support an inference that RC Hotels, as managing agent, acts for the benefit of Great Bay and thus, owes to Great Bay the duties of good faith, trust, confidence, and candor. The Court cannot determine the parameters of the parties' fiduciary relationship since it has not been provided with the Management Agreement in its entirety. Even so, the Court opines that a reasonable person can infer that RC Hotels did not exercise the proper standard of care required as Great Bay's managing agent, since the sooner a foreclosure action is filed, the sooner the parties can obtain the monies owed on the Note and for assessment of fees. The longer it takes for the commencement of the foreclosure action, the more the assessments accrue. Thus, analyzing the facts in the light most favorable to the non-moving party, the Court finds that Great Bay's claim for breach of fiduciary duties is plausible on its face. For that reason, the Court will deny the Motion to Dismiss as to the claim for breach of fiduciary duties.

---

[16] *Harrow v. Street*, 369 B.R. 817, 831 (Bankr. D. Del. 2007).
[17] *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1341 (11th Cir. 2010).
[18] *Id.* at 1341.

11

## V. RC HOTELS' MOTION TO STRIKE GREAT BAY'S AFFIRMATIVE DEFENSE No. 2.

On January 24, 2012, Great Bay filed its First Amended Answer and Counterclaim, excluding its previous claim for equitable subrogation. The Court has not yet approved the filing of the Amended Answer, but in light of the Court's opinion today, the Court will allow the filing of Great Bay's First Amended Answer and Counterclaim. Since Great Bay has now decided to discontinue the counterclaim and affirmative defense of equitable subrogation, the Court will not address the counterclaim or affirmative defense for equitable subrogation. For that reason, the Court will deny as moot the Motion to Strike.

## CONCLUSION

Viewing the Counterclaim in a light most favorable to the non-moving party, the Court finds that all of Great Bay's counterclaims survive RC Hotels' Motion to Dismiss. The Court, therefore, will deny the Motion to Dismiss. The Court will also deny as moot the Motion to Strike Defendant Great Bay Condominium Owners Association, Inc.'s Affirmative Defense No. 2, since Great Bay is no longer pursuing the defense.