NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4176-15T2

WOODLANDS COMMUNITY
ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

ADAM T. MITCHELL,

    Defendant,

and

NATIONSTAR MORTGAGE, LLC,
and U.S. BANK, N.A., Successor
Trustee to Bank of America,
N.A. as Successor to LaSalle
Bank, N.A. as Trustee for the
Merrill Lynch First Franklin
Mortgage Loan Trust, Mortgage
Loan Asset-Backed Certificate
Series 2007-3,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **June 6, 2017**
>
> **APPELLATE DIVISION**

       Argued April 24, 2017 — Decided June 6, 2017

       Before Judges Sabatino, Currier, and Geiger.

       On appeal from the Superior Court of New
       Jersey, Law Division, Special Civil Part,
       Atlantic County, Docket No. DC-2766-14.

       Kathleen Cavanaugh argued the cause for
       appellant (Sandelands Eyet LLP, attorneys;
       Robert D. Bailey, of counsel and on the
       briefs).

Tiffany L. Byczkowski argued the cause for respondent (McGovern Legal Services, LLC; Ms. Byczkowski, on the brief).

The opinion of the court was delivered by

CURRIER, J.A.D.

We are asked to determine whether a lender's assignee that takes possession of a condominium unit when the owner/mortgagor has defaulted on the loan, and thereafter winterizes the unit and changes the locks, is considered a "mortgagee in possession" of that unit, responsible for the payment of condominium fees and assessments. Because we conclude that those discrete actions are not sufficient to render the lender's assignee a mortgagee in possession of the unit, we reverse the entry of summary judgment.

In March 2007, Adam Mitchell purchased a condominium unit in a property managed by plaintiff, Woodlands Community Association, Inc. (Association), and executed a mortgage encumbering the unit. After several assignments not pertinent to this matter, the mortgage was assigned in July 2013 to defendant, Nationstar Mortgage LLC.

Mitchell defaulted on his obligations under the mortgage loan and vacated the unit.[1] Mitchell also owed substantial sums to the Association for the unpaid monthly fees and other condominium assessments. Subsequent to his default, Nationstar replaced the locks on the unit and winterized the property.[2]

The Association instituted an action in April 2014 against Mitchell to recover the monthly maintenance association fees for general services it had provided to the property.[3] Several months later, plaintiff amended its complaint to include defendant, alleging that the lender's assignee was responsible for the association fees as it was in possession of the property.

Both plaintiff and defendant moved for summary judgment. On April 19, 2016, the trial court granted summary judgment in favor of the Association, determining that defendant was a mortgagee in possession, and therefore, liable for the maintenance fees. The trial judge reasoned that no genuine issues of material fact existed as "[defendant held] the keys,

---

[1] Final judgment was entered in the foreclosure action in December 2015. The parties advised at the time of oral argument on the appeal that the property had not been listed for sale.

[2] "Winterizing" entails draining the pipes, turning off the water and setting the thermostat for heat to protect the pipes.

[3] Plaintiff and Mitchell resolved their claims in May 2015.

A-4176-15T2

and no one else can gain possession of the property without [defendant's] consent. This constitutes exclusive control, which indicates the status of mortgagee in possession." The judge also awarded attorney's fees. This appeal followed.

On appeal, defendant argues that changing the locks and winterizing the condominium unit did not render it a mortgagee in possession of the property. We agree.

Our "review of a trial court's grant of summary judgment is de novo." Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007). We must consider whether there are any material factual disputes and, if not, whether the facts viewed in the light most favorable to the non-moving party would permit a decision in that party's favor on the underlying issue. See Brill v. Guardian Life Ins., 142 N.J. 520, 540 (1995). "[T]he legal conclusions undergirding the summary judgment motion itself [are reviewed] on a plenary de novo basis." Estate of Hanges v. Metro. Prop. & Cas. Ins., 202 N.J. 369, 385 (2010).

After default by a mortgagor on a property, the lender or its assignee has "the right of possession, subject to the mortgagor's equity of redemption." McCorristin v. Salmon Signs, 244 N.J. Super. 503, 508 (App. Div. 1990) (citing Guttenberg Sav. & Loan Ass'n v. Rivera, 85 N.J. 617 (1981)). The mortgagee, however, is not the owner of the property unless

there is a foreclosure and sale of the premises to the mortgagee. Guttenberg, supra, 85 N.J. at 630. If a mortgagee is determined to be in possession of the property, then the mortgagee is "liable for delinquent condominium common charges, which had accrued against the property's legal owner, for services furnished during the mortgagee's possession and control of the premises." Woodview Condo. Ass'n, Inc. v. Shanahan, 391 N.J. Super. 170, 173 (App. Div. 2007).

Whether a mortgagee or its assignee is in possession is determined on a case-by-case basis. "[T]he acts of a mortgagee under the circumstances, determine whether or not possession and management of the premises have been undertaken by the mortgagee." Scott v. Hoboken Bank for Sav., 126 N.J.L. 294, 298 (Sup. Ct. 1941). In Scott, the bank mortgagee had taken over the collection of the rents from the tenants and was paying the bills and making repairs in the building. Id. at 296. The Court found the bank had become a mortgagee in possession, stating that when the mortgagee "take[s] out of the hands of the mortgagor the management and control of the estate[,]" the mortgagee becomes a mortgagee in possession. Id. at 298.

In Woodview, supra, 391 N.J. Super. at 174, the mortgagee in possession had rented out the units and was collecting rents on them. We found the mortgagee to be in control and possession

of those units, and therefore, responsible for the monthly condominium fees.

We must assess then whether defendant exercised the necessary level of control and management over the property to deem it a mortgagee in possession. Defendant here has not occupied the unit, is not collecting rents or any other profits, nor is it making repairs. It cannot be argued that defendant's actions of winterizing the property and changing the locks were the equivalent of the multitude of actions and responsibilities undertaken by the mortgagees in Scott and Woodview.

Plaintiff contends, however, as did the trial judge, that the sole act of changing the locks renders defendant a mortgagee in possession as the action demonstrated that no one else could enter the unit without the consent of defendant, thus conferring upon it exclusive control. We disagree.

The use of the word "possession" in the designation "mortgagee in possession" is somewhat misleading. See 30 New Jersey Practice, Mortgages § 21.10, at 132 (Myron C. Weinstein) (2d ed. 2000) (citing George E. Osborne, Handbook on the Law of Mortgages § 162 (2d ed. 1970)) (stating that dominion and control are more descriptive of a mortgagee in possession, not actual possession). Indicia of control and management include elements of possession, operation, maintenance, use, repair, and

control of the property such as paying bills or collecting rents. We are satisfied that the minimal efforts taken here by defendant to secure its interest in the mortgaged property are not sufficient to convert itself into a mortgagee in possession. Defendant has not taken over the control and management of the unit nor exercised the requisite dominion over the property short of securing the unit.

Upon Mitchell's default on the mortgage, defendant was required to protect its collateral, the value of its security. See N.J.S.A. 46:10B-51 (obligating a lender or its assignee to maintain a property in foreclosure proceedings "to such standard or specification as may be required by state law or municipal ordinance."). In addition to paying the insurance premiums and real estate taxes, defendant sought to prevent damage to the unit by winterizing the property and changing the locks. In this situation, the mortgagee has taken on the costs and borne the burden of the abandoned property. It has not availed itself of the benefits of the Association, as plaintiff argues, but rather its actions in protecting its security serve to benefit the other homeowners. Incidents of vandalism or an occurrence of frozen pipes in the vacant unit would likely lead to damage to adjoining properties. Defendant here is not benefitting from

the limited actions it has taken to secure its collateral; it is simply protecting its rights.

Plaintiff argues alternatively that defendant is responsible for the unpaid assessments under equitable theories. In Woodview, supra, we advised that equitable considerations supported our determination that the mortgagee in possession, who was collecting rents on the two properties, should be responsible for the condominium assessments. 391 N.J. Super. at 178. We stated: "In our view, having enjoyed the benefit of these goods and services throughout his possession and control of the premises, and consistent with the rights and duties of mortgagees in possession generally, defendant suffers the burden of their cost." Ibid. (emphasis added).

There was no dispute in Woodview as to the designation of "mortgagee in possession." The only issue presented for resolution was whether the mortgagee in possession was responsible for the unpaid condominium fees. We are satisfied that our conclusion today is consistent with Woodview as we have deemed defendant not in possession or control of the property and not a mortgagee in possession.

Nor are the equitable doctrines of unjust enrichment and quantum meruit applicable in these circumstances. To establish unjust enrichment, plaintiff must show that it expected

remuneration from defendant at the time it performed or conferred a benefit on defendant and that the retention of that benefit without payment would be unjust. <u>VRG Corp. v. GKN Realty Corp.</u>, 135 <u>N.J.</u> 539, 554 (1994).

Recovery under quantum meruit similarly rests on the principle that one party should not be allowed to be enriched unjustly at the expense of another. <u>Weichert Co. Realtors v. Ryan</u>, 128 <u>N.J.</u> 427, 437 (1992). Recovery under both of these doctrines requires a determination that defendant has benefitted from plaintiff's performance. It is undisputed that there was no express contract in place between plaintiff and defendant for the provision of services. Rather, the services furnished by the Association are provided for the upkeep of the entirety of the Association's property. Defendant was not a member of the Association, and therefore, plaintiff could not have expected remuneration from it. Without defendant being designated a mortgagee in possession, we fail to see the basis of an implied contract to satisfy the equitable doctrines. <u>Cf.</u> <u>Essex Cleaning Contractors, Inc. v. Amato</u>, 127 <u>N.J. Super.</u> 364, 367 (App. Div.), <u>certif. denied</u>, 65 <u>N.J.</u> 575 (1974) (finding that a mortgagee determined to be in possession of the property "may be liable for services rendered to him in connection with the

property during his occupancy thereof on the basis of an express or implied contract.").

We, therefore, conclude that the minimal actions taken by defendant here in winterizing the unit and changing the locks do not serve to deem it a mortgagee in possession and do not render defendant responsible for the unpaid condominium fees and assessments. Although not raised in the argument to the trial court nor in the appellate briefs, plaintiff suggested to us at the time of oral argument that we should impose some parameters on defendant's conduct. For example, plaintiff suggests a requirement that the mortgagee must place the defaulted unit up for sale within a certain timeframe after the entry of a final judgment of foreclosure. If a mortgagee is dilatory after the entry of a final judgment of foreclosure in proceeding to sale or has refused to go to sale on the unit, that conduct might result in the imposition of responsibility for the Association fees. While these arguments might bear some merit in a future discussion, we decline the invitation to expand on our conclusion on this record as it is void of any information regarding the circumstances surrounding the foreclosure proceeding or any events following the final judgment. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

We reverse the ruling granting summary judgment to plaintiff, and remand to the trial court for the entry of summary judgment on defendant's motion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4176-15T2