NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1513-16T1

UNION HILL CONDOMINIUM
ASSOCIATION,

 Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.,

 Defendant-Respondent.
______________________________

 Argued October 30, 2017 – Decided November 15, 2017

 Before Judges Sabatino and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Hunterdon County, Docket No. L-
 0523-15.

 John J. Abromitis argued the cause for
 appellant (Lavery, Selvaggi, Abromitis &
 Cohen, PC, attorneys; Mr. Abromitis, on the
 briefs).

 Henry F. Reichner argued the cause for
 respondent (Reed Smith LLP, attorneys; Mr.
 Reichner, of counsel and on the briefs).

PER CURIAM

 Plaintiff Union Hill Condominium Association ("the

Association") appeals the Law Division's November 7, 2016 order
concluding on stipulated facts that defendant Wells Fargo Bank,

N.A. ("Wells Fargo") is not a "lender in possession" or a

"mortgagee in possession" required to pay the Association

maintenance assessments and counsel fees for a vacant condominium

unit as to which Wells Fargo has a pending mortgage foreclosure

action. We affirm.

 The record owner of the unit, Michael Demers, was delinquent

on both his mortgage payments due to the lender and his assessments

due to the Association. Wells Fargo brought a foreclosure action

against Demers in August 2012. Demers died in 2013. The

foreclosure case has not yet resulted in a final judgment.1 In

the meantime, Wells Fargo has engaged in certain measures such as

changing locks, "winterizing" the premises, landscaping, and the

remediation of "stink bugs." Wells Fargo also had repairs

performed to a door and a handrail, and ordered certain other

repairs that were not completed.

 In a detailed written decision by Judge Thomas C. Miller, the

trial court rejected the Association's contention that these

actions by Wells Fargo were sufficient to make it responsible for

ongoing assessments. The Association now appeals these findings,

1
 At oral argument on the appeal, counsel for Wells Fargo advised
us that a guardian ad litem for Demers' heirs may soon be, or has
already been, appointed.

 2 A-1513-16T1
and also argues the trial court erred in holding that the lien

priority statute, see N.J.S.A. 46:8B-21, is the Association's sole

remedy against Wells Fargo in these circumstances.

 Both parties have helpfully submitted supplemental briefs at

this court's request comparing the facts of this case with those

in Woodlands Community Association v. Mitchell, 450 N.J. Super.

310 (App. Div. 2017) (holding on the facts presented in that case,

involving a lender's assignee's "winterization" of property, that

the assignee was not a lender in possession liable for condo fees).

Having considered those submissions, and the parties' oral and

other written arguments, we affirm the trial court's denial of

relief to the Association. We do so substantially for the sound

reasons articulated by Judge Miller as well as in accordance with

this court's June 6, 2017 precedential opinion in Woodlands, which

was issued after this appeal was filed.

 As we recognized in Woodlands, a mortgagee or its assignee

that brings a foreclosure action against a condominium unit owner

is not liable for delinquent common charges unless and until it

has engaged in sufficient activities to be considered "in

possession" of the premises. Id. at 315; see also Woodview Condo.

Ass'n, Inc. v. Shanahan, 391 N.J. Super. 170, 173 (App. Div. 2007).

"Whether a mortgagee or its assignee is in [such] possession is

determined on a case-by-case basis." Woodlands, supra, 450 N.J.

 3 A-1513-16T1
Super. at 315. For example, if a mortgagee rents the premises to

a third party and collects rent, that exercise of ownership rights

is sufficient to make the mortgagee a lender in possession. Ibid.;

see also Woodview, supra, 391 N.J. Super. at 173-74. By contrast,

actions by a mortgagee that merely protect its security in the

property, such as changing locks, paying realty taxes, and

"winterizing" the property to prevent frozen pipes, is

insufficient to make the mortgagee a lender in possession.

Woodlands, supra, 450 N.J. Super. at 316-19. For these reasons,

we held in Woodlands that the "minimal actions" taken there by the

lender's assignee to protect its security interest in the property

did not rise to a level requiring it to pay maintenance fees to

the condominium association. Id. at 318.

 We discern no material difference between the facts in

Woodlands and the facts in this case. We do not regard the

incidental actions taken by Wells Fargo as sufficient to render

it "in possession." Although more extensive repairs or

improvements arguably might have tipped the balance in the

Association's favor, the modest repairs to a door and a railing

essentially comprise measures to keep the premises safe rather

than capital investments. Nor do the landscaping and pest control

measures that were taken alter the mortgagee's status.

 4 A-1513-16T1
 Although we appreciate the Association's reasonable desire

to obtain a contribution from this long-vacant unit for common

expenses, the facts presented simply do not support a finding that

Wells Fargo is "in possession." That said, we urge Wells Fargo

to take reasonable and prompt steps to pursue the apparently-

uncontested and long-delayed foreclosure action to completion.

 Affirmed.

 5 A-1513-16T1