**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4551-16T4

VLADIMIR MAKARENKO
and OLGA MELNYCHENKO,

      Plaintiffs-Appellants,

v.

ROBERT WOOD JOHNSON
UNIVERSITY HOSPITAL
RAHWAY, ROBERT WOOD
JOHNSON UNIVERSITY
HOSPITAL NEW BRUNSWICK,
GLOBAL PEDIATRICS AND
FAMILY MEDICINE, and IOSIF
GOLDMAN, M.D.

      Defendants-Respondents.

_____

Submitted April 10, 2019 – Decided May 14, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6525-14.

Vladimir Makarenko and Olga Melnychenko, appellants pro se (Matthew B. Segal, on the brief).

Vasios Kelly & Strollo PA, attorneys for respondent Robert Wood Johnson University Hospital New Brunswick (Lauren M. Strollo, of counsel; Douglas M. Singleterry, on the brief).

MacNeill O'Neill & Riveles, LLC, attorneys for respondent Robert Wood Johnson University Hospital Rahway (Thomas J. Pyle, Jr., on the brief).

Rosenberg Jacobs Heller & Fleming, PC, attorneys for respondents Iosif Goldman, M.D., and Global Pediatrics and Family Medicine (Sam C. Rosenberg, of counsel; Wayne E. Paulter, on the brief).

PER CURIAM

Plaintiffs Vladimir Makarenko and Olga Malnychenko appeal the March 9, 2017 dismissals of their medical malpractice complaint against defendants Robert Wood Johnson University Hospital Rahway, Robert Wood Johnson University Hospital New Brunswick, Global Pediatrics and Family Medicine, and Iosif Goldman, M.D., and the April 28, 2017 denial of reconsideration of those orders. The notice of appeal in this matter was filed on May 15, 2017. Given Rule 2:4-1(a)'s forty-five-day timeline for filing, only the denial of reconsideration is cognizable on this appeal. We affirm.

The orders dismissing plaintiff's complaint with prejudice were signed on March 9, 2017, but thereafter on March 22, 2017, the judge issued a cogent and comprehensive statement of reasons. The motion for reconsideration, required

2

by rule to be filed within twenty days of the entry of the order, was not filed until April 6, 2017.  See R. 4:49-2.  Even were we to consider the motion for reconsideration to have been timely filed in the Law Division, it does not make a per se appeal of the earlier orders viable.  They are reviewed as necessary to assess the reconsideration order.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion."  Lee v. Brown, 232 N.J. 114, 126 (2018) (alteration in original) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010)).  An aggrieved party may seek reconsideration pursuant to Rule 4:49-2 where (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence[,]" or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application[.]"  Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).  The party seeking reconsideration "must initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process."  D'Atria, 242 N.J. Super. at 401.

A-4551-16T4

Plaintiffs' brief addresses itself exclusively to the earlier orders dismissing the complaint against the three defendants with prejudice. It nowhere cites to Rule 4:49-2, or argues that reconsideration was required.

Although the judge gave no statement of reasons for his denial of reconsideration, to succeed in this appeal, plaintiffs must demonstrate that the judge's decision was an abuse of discretion. See Matter of Estate of Brown, 448 N.J. Super. 252, 268-69 (App. Div. 2017). By failing to address the denial of reconsideration at all, much less whether the decision was an abuse of discretion, plaintiffs essentially have abandoned their appeal. An issue not briefed is deemed waived. Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 318-19 (App. Div. 2017).

In this case, we in any event have been disinclined to reverse the reconsideration order. The judge's March 22, 2017 statement of reasons outlining the discovery problems in the case explains the decision, and adheres to well-established and significant policies regarding the manner in which litigation, and in particular medical malpractice cases, are to be pursued. It did not rest on an impermissible basis. See Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002).

The initial complaint was filed on October 7, 2014—and incorrectly named the defendants, although the alleged medical malpractice occurred in 2012. Plaintiffs simply failed to promptly obtain medical records which would have enabled them to identify the physicians and radiologists that rendered treatment.

Plaintiffs sought to amend their pleadings to name the defendants correctly after the two-year statute of limitations had run, without a factual basis for application of the relation-back doctrine. Over the three years of litigation followed the filing of the complaint, there were two extensions of discovery, the last ending February 6, 2017. During that time, no expert reports were provided by plaintiffs to defendants. Only one deposition was taken. As to Robert Wood Johnson Rahway, plaintiffs did not file an affidavit of merit.

The judge's concern that a six or seven-month additional extension of discovery would prejudice defendants was based on the passage of time during which plaintiffs did little. An affidavit of merit was served on defendant Robert Wood Johnson University Hospital New Brunswick, for example, in 2015 after that defendant filed a motion to dismiss. The affidavit of merit was filed, without any explanation, six days after the statutory 120 days had run.

In a medical malpractice action, a plaintiff must ordinarily establish through medical testimony that defendant's treatment fell below accepted standards of care recognized in the medical profession. Plaintiff Vladimir Makarenko's condition required the removal of a cancerous tumor on his spinal cord, in addition to chemotherapy and other treatment. In the absence of an expert report, it would have been impossible for plaintiffs to establish the care Makarenko received fell below accepted standards of medical care.

For reasons not clear from the record, throughout the litigation, plaintiffs did not meet discovery deadlines, discovery requirements, or comply with the affidavit of merit statute. Therefore, even if the appeal had been timely filed on the summary judgments, we likely would have affirmed based on the Law Division judge's written statement of reasons. He thoroughly described these discovery failures, which he correctly opined warranted dismissal with prejudice of the complaint against all defendants.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-4551-16T4