**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2249-18T3

PHILIP PONIZ,

     Plaintiff-Respondent,

v.

WELLS FARGO BANK, N.A.,
HOPE HANNA, LISETTE SOBA,
ASHLEY SMITH, MARK ILARDI,
THERESA WRIGHT, LORETTA
SPOSATO, KAREN MCGEE, and
CYNTHIA ROBINSON,

     Defendants-Appellants.

_____

Argued October 17, 2019 – Decided November 1, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0163-17.

Amy S. Rubin (Fox Rothschild LLP) of the Florida bar, admitted pro hac vice, argued the cause for appellants (Fox Rothschild LLP, attorneys; Barry Joseph Muller and Amy S. Rubin, of counsel and on the briefs).

Craig Allen Borgen argued the cause for respondent (Miller & Borgen, attorneys; Craig Allen Borgen, on the brief).

PER CURIAM

Defendants appeal from a November 26, 2018 order denying their motion to compel arbitration and a January 25, 2019 order denying their motion for reconsideration.[1] We affirm.

Plaintiff is a trained watchmaker and horologist. He receives expensive watches, clocks, timepieces, and other items for evaluation and restoration. Because the items he receives are valuable, plaintiff leased a safe deposit box, Box 105, at the Highland Park branch of First Union National Bank (First Union) pursuant to a September 18, 1998 written agreement (1998 Agreement). The 1998 Agreement did not contain an arbitration clause.

First Union merged with another bank in 2001 to form Wachovia Bank, N. A. (Wachovia). Plaintiff continued to lease Box 105 and other safe deposit boxes from Wachovia after the merger. He was not required to sign a new contract for any of the existing safe deposit boxes he leased at the time of this merger. In 2008, Wachovia merged with Wells Fargo Bank, N.A. (Wells Fargo).

---

[1] On appeal, defendants failed to brief denial of their motion for reconsideration. An issue not briefed on appeal is deemed waived. See Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 318-19 (App. Div. 2017).

A-2249-18T3

Plaintiff did his banking, including the leasing of safe deposit boxes, at the Wachovia branch in Highland Park and the Wells Fargo branch in Princeton. Plaintiff signed agreements with Wells Fargo for additional safe deposit boxes at various branches: Box 291 on July 17, 2013; Box 178 on April 7, 2014; and Box 147 on August 15, 2014.

Prior to leasing Box 291, plaintiff was required to review and acknowledge Wells Fargo's updated safe deposit box lease terms effective October 15, 2011 (2011 Agreement), as well as Wells Fargo's Safe Deposit Box Lease Agreement (SDBLA). The 2011 Agreement contained an arbitration clause, which purported to apply to all Wells Fargo safe deposit boxes.

The SDBLAs executed by plaintiff for Boxes 291, 178, and 147 contained blank spaces for a box number and an effective date, incorporating the 2011 Agreement for the box. If completed, the document superseded any prior safe deposit box agreements. However, the spaces on the SDBLAs signed by plaintiff for boxes 291, 178, and 147 remained blank.

In April 2014, Wells Fargo drilled through the lock on Box 105 without informing plaintiff. Plaintiff claimed over $10,000,000 worth of goods were stored in Box 105 at the time. According to plaintiff, Wells Fargo personnel improperly removed, damaged, or misplaced the items from Box 105.

On January 9, 2017, plaintiff filed a complaint against Wells Fargo and its employees to recover the value of the items removed from Box 105. Defendants filed a motion to dismiss the complaint and compel arbitration. The motion judge denied the motion without prejudice, and ordered the parties to conduct discovery.

Defendants' renewed motion to compel arbitration, filed after the completion of discovery, was denied without prejudice. The judge ordered a plenary hearing on various issues. The issue relevant to this appeal, as framed by the judge, was whether plaintiff assented to arbitration of all disputes as to all safe deposit boxes, including Box 105, upon leasing additional Wells Fargo safe deposit boxes in 2013 and 2014.

At the conclusion of the testimony, the judge rendered an oral decision denying defendants' motion. The judge rejected defendants' argument that plaintiff's lease of safe deposit boxes in 2013 and 2014 indicated his assent to arbitration of all disputes concerning all safe deposit boxes. The judge found, "[t]he fact that [plaintiff] opened other accounts later on in '13 and '14 in Princeton at Wells Fargo does not in any way give Wells Fargo the ability to claim that he's bound by the arbitration clause" related to Box 105. The judge determined each safe deposit box was considered a separate agreement and

4

therefore the 1998 Agreement was the governing agreement for Box 105. Because the 1998 Agreement for Box 105 lacked an arbitration clause, the judge denied defendants' motion to compel arbitration.

The judge also rejected defendants' argument that the United States Supreme Court's decision in Henry Schein, Inc. v. Archer & White Sales, Inc., ____ U.S. _____, 139 S. Ct. 524 (2019) compelled submission of the dispute to arbitration to determine whether plaintiff's claim against Wells Fargo was arbitrable under the 2011 Agreement. The judge found Schein inapplicable because the 1998 Agreement for Box 105 did not contain an arbitration clause.

On appeal, defendants argue the following: 1) the 2011 Agreement was incorporated into the agreement for Box 291 leased by plaintiff in July 2013, and the 2011 Agreement, which contained an arbitration provision, applied to all disputes with Wells Fargo, including disputes regarding Box 105; and 2) a 2019 decision issued by the United States Supreme Court compelled arbitration to determine whether the dispute was arbitrable in the first instance.

According to defendants, plaintiff assented to arbitration of all disputes related to all safe deposit boxes upon leasing additional safe deposit boxes in 2013 and 2014. Defendants contend the language of the 2011 Agreement, which plaintiff received when he leased the additional safe deposit boxes in 2013 and

5

2014, compels arbitration of any and all disputes, including the dispute related to Box 105.

Plaintiff responds the 2011 Agreement is inapplicable to Box 105 because the subsequently signed lease agreements for different safe deposit boxes did not alter the terms of the 1998 Agreement. Plaintiff contends Wells Fargo's SDBLAs, which included the following sentence, "This Agreement replaces a Lease Agreement with a commencement date of _____ for Box Number ____," remained blank and therefore he had no notice that the 1998 Agreement for Box 105 was replaced by the 2011 Agreement.

We review a trial court's order granting or denying a motion to compel arbitration de novo because the validity of an agreement to arbitration presents a question of law. Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 316 (2019).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 547, 582 (1960)); see also Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014). In treating arbitration agreements as contracts, an arbitration agreement "must be

A-2249-18T3

the product of mutual assent," which "requires that the parties have an understanding of the terms to which they have agreed." Atalese, 219 N.J. at 442 (quoting NAACP of Camden Cty. E. v. Foulke Mgmt., 421 N.J. Super. 404, 424 (App. Div. 2011)). A contractual waiver of the right to pursue a claim in court must be "clearly and unmistakably established." Id. at 444 (quoting Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001)).

Whether there is mutual assent to arbitrate depends on "the intent expressed or apparent in the writing," Leodori v. CIGNA Corp., 175 N.J. 293, 300 (2003), considering "the contractual terms, the surrounding circumstances, and the purpose of the contract." Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282 (1993). A party will not be deemed to waive his or her rights without clear and unambiguous language. See Garfinkel, 168 N.J. at 136.

Having reviewed the record, we are satisfied the judge properly denied the application to compel arbitration. Plaintiff's execution of lease agreements in 2013 and 2014 for other safe deposit boxes at Wells Fargo did not indicate plaintiff's clear and unambiguous assent to arbitrate disputes related to Box 105. Nothing in the 2011 Agreement, purportedly incorporated by reference when plaintiff leased additional safe deposit boxes from Wells Fargo in 2013 and

A-2249-18T3

2014, expressly and unequivocally conveyed to plaintiff that he was surrendering his right to file suit related to his lease of Box 105 and was agreeing to submit to arbitration.

Because plaintiff did not clearly and unambiguously contract to arbitrate his claim regarding Box 105, the judge properly declined to apply the United States Supreme Court decision in Henry Schein, Inc. v. Archer & White Sales, Inc.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION