**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3167-22

SAVE OLD YORK, a New Jersey
non-profit entity, BRETT
ANDERSON, DAWN MASON,
STACEY VERDINO, and
APRIL SETTE,

      Plaintiffs-Appellants,

v.

THE TOWNSHIP OF
CHESTERFIELD (BURLINGTON
COUNTY), TOWNSHIP
COMMITTEE OF THE TOWNSHIP
OF CHESTERFIELD, and
TOWNSHIP OF CHESTERFIELD
PLANNING BOARD,

      Defendants-Respondents.

_____

ACTIVE ACQUISITIONS OY, LLC,

      Intervenor-Respondent.

_____

Argued September 10, 2024 – Decided October 3, 2024

Before Judges Gilson, Bishop-Thompson, and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-2322-22.

Timothy P. Duggan argued the cause for appellant (Stark & Stark, PC, attorneys; Timothy P. Duggan, of counsel and on the brief; Eric S. Goldberg and Yaritza S. Urena Mendez, on the briefs).

John C. Gillespie argued the cause for respondents Township of Chesterfield and Township Committee of the Township of Chesterfield (Parker McCay, PA, attorneys; John C. Gillespie, on the brief).

Douglas L. Heinold argued the cause for respondent Township of Chesterfield Planning Board (Raymond Coleman Heinold LLP, attorneys; Douglas L. Heinold and Crosley L. Gagnon, on the brief).

Richard J. Hoff, Jr., argued the cause for intervenor respondent (Bisgaier Hoff, LLC, attorneys; Richard J. Hoff, Jr., and Michael W. O'Hara, on the brief).

PER CURIAM

Plaintiff Save Old York, a non-profit organization representing residents, brought an action in lieu of prerogative writs seeking to declare two municipal ordinances void and to invalidate a redevelopment plan adopted under the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -89.[1]

---

[1] Several individuals were also named as plaintiffs. Nevertheless, plaintiffs refer to themselves collectively as "plaintiff" and we do likewise.

A-3167-22

Plaintiff appeals from an order granting summary judgment to intervenor Active Acquisitions OY LLC (Active), denying summary judgment to plaintiff, and dismissing plaintiff's complaint with prejudice. Plaintiff argues the adoptions of the ordinances were arbitrary and capricious, and that one of the ordinances did not properly amend the other ordinance. Discerning nothing arbitrary, capricious, or unreasonable, in either ordinance, and discerning no reversible error in the amended ordinance, we affirm.

I.

The real property at issue is in the Township of Chesterfield (the Township) on Old York Road, consists of over 150 acres, and is designated as Block 701, Lot 2.01 (the Property). For numerous years, the Property had been used as a country club and contained a golf course and various structures, including a club house and infrastructure for treating wastewater. Before 2020, the Property fell into disuse, structures on the Property deteriorated, and the failing waste-water treatment system threatened to contaminate the ground water.

In February 2020, the Township Committee (the Committee) adopted a resolution directing the Township's Planning Board (the Planning Board) to determine if the Property was an area in need of rehabilitation under the LRHL.

At that same meeting, the Committee adopted a resolution authorizing a "Developer's Escrow Agreement" with Active. The Escrow Agreement stated that Active was the prospective purchaser of the Property and it planned to develop the Property "for warehouse/distribution purposes."

On May 19, 2020, the Planning Board conducted a public meeting to address designating the Property as in need of rehabilitation. At that meeting, the Planning Board considered a report prepared by its professional planner (the Planner). The Planning Board then found that the Property qualified as an area in need of rehabilitation and recommended that the Committee find the Property was in need of rehabilitation. On June 16, 2020, the Planning Board memorialized its recommendation in a resolution.

Meanwhile, on May 28, 2020, the Committee accepted the Planning Board's recommendation, accepted the findings in the report prepared by the Board's Planner, and adopted Resolution 2020-5-6, designating the Property as "an area in need of rehabilitation." See N.J.S.A. 40A:12A-14(a).

The rehabilitation designation was also submitted to the Department of Community Affairs (DCA). Thereafter, the DCA Commissioner acknowledged the rehabilitation designation. No one appealed the adoption of Resolution 2020-5-6 or the DCA Commissioner's acknowledgment.

A-3167-22

Following the designation of the Property as in need of rehabilitation, the Committee conducted over ten public meetings between May 2020 and August 2022. During those meetings, the Committee heard and considered public comments on the proposed redevelopment of the Property, including comments from plaintiff.

On September 8, 2022, the Committee introduced Ordinance 2022-15, which proposed to adopt a Redevelopment Plan for the Property. The Redevelopment Plan was attached to the proposed ordinance, and it called for the Property to be developed with a warehouse facility. The Redevelopment Plan included the Planner's conclusion that the Redevelopment Plan was consistent with the Township's Master Plan. In that regard, the Redevelopment Plan stated, in relevant part:

> The closure of the Old York Country Club was not anticipated at the time of the most recent Master Plan Reexamination Report in 2017. As a result, the Master Plan does not provide any specific recommendations regarding the potential redevelopment of the property. However, the development of the Rehabilitation Area with a warehouse facility is not inconsistent with the goals and objectives of the Master Plan. The primary goals of the Township's Master Plan are the preservation of agricultural industry, and the protection of the rural character of the community. This Redevelopment Plan does not remove any active farmland from productive use, nor is this property targeted for agricultural use or preservation. . . . The

5

> Township finds that the Rehabilitation Area is an appropriate location for a warehouse development as illustrated in Figure 4 for several reasons, including the property's accessibility to the New Jersey Turnpike and Interstate 295 via Route 206. . . . Thus, the adoption of this Redevelopment Plan [] does not conflict with the Township's planning objectives relative to farmland preservation, environmental protection, historic preservation and sustainability, and in this regard can be considered consistent with the Township's Master Plan.

The Redevelopment Plan was then referred to the Planning Board for a "Master Plan consistency" review as called for in N.J.S.A. 40A:12A-7(e). Shortly thereafter, on September 20, 2022, the Planning Board conducted a public meeting concerning the Redevelopment Plan. At that meeting, the Planning Board considered the report and recommendation of its Planner. The Planning Board also heard testimony from plaintiff's planning consultant, Carlos Rodriguez, P.P., who opined that the Redevelopment Plan was inconsistent with the Township's Master Plan. The Planning Board then voted to find that the Redevelopment Plan was not inconsistent with the Township's Master Plan and referred the Redevelopment Plan back to the Committee.

The following month, on October 27, 2022, the Committee conducted a public hearing on the Redevelopment Plan. At that hearing, the Committee's lawyer noted that the Committee and the public had various documents available

6

for review, including the proposed Redevelopment Plan and the report of the Planner. The Committee also heard testimony from plaintiff's planning consultant, who again opined that the Redevelopment Plan was inconsistent with the Master Plan. Thereafter, the Committee voted to adopt Ordinance 2022-15 and the Redevelopment Plan.

At the same October 27, 2022 meeting, the Committee also introduced Ordinance 2022-17 to amend Ordinance 2022-15. Concerning the issue of "Plan Consistency," Ordinance 2022-17 added section 3.1.1, which gave further reasons why the Committee believed the Redevelopment Plan was consistent with the Master Plan. Section 3.1.1. then concluded:

> While the Township Committee believes that the Redevelopment Plan is consistent with the Master Plan, as stated in Section 3.1 of the Plan, for purposes of completeness of the record, and should it be determined by a reviewing Court that the Redevelopment Plan is not consistent with the Master Plan, or is not designed to effectuate the Master Plan, the Township Committee adopts the foregoing as its reasons for adopting this Plan despite any such concerns.

Ordinance 2022-17 also made other proposed amendments to Ordinance 2022-15 by (1) deleting a sentence about the national trend of golf club closures; (2) adding more specific language describing the Property; (3) adding a provision stating that the warehouse could not be a parcel hub warehouse or

A-3167-22

fulfillment center; and (4) providing specific protections for a historic building on the Property, known as Black House.

Ordinance 2022-17 was, thereafter, referred to the Planning Board. On November 22, 2022, the Planning Board conducted another public hearing and determined that the Redevelopment Plan, as amended by Ordinance 2022-17, was not inconsistent with the Master Plan.

On December 8, 2022, the Committee conducted a public hearing and voted to adopt Ordinance 2022-17. Consequently, as finally adopted, Ordinance 2022-17 found that the Redevelopment Plan was consistent with the Township's Master Plan. Ordinance 2022-17 also provided, however, that if a court found that the Redevelopment Plan was inconsistent with the Master Plan, the Committee had adopted the Redevelopment Plan even if it was inconsistent with the Master Plan.

On December 12, 2022, plaintiff filed a complaint in lieu of prerogative writs challenging the adoptions of Ordinances 2022-15 and 2022-17. Plaintiff also sought to vacate the Redevelopment Plan. Active moved to intervene in that action and the trial court granted that motion. Thereafter, plaintiff moved for summary judgment and Active cross-moved for summary judgment.

A-3167-22

On May 15, 2023, the trial court heard oral arguments on the cross-motions for summary judgment. That same day, the court gave its reasons for its rulings and entered an order granting Active's motion for summary judgment, denying plaintiff's motion for summary judgment, and dismissing plaintiff's complaint with prejudice. In an oral opinion, the trial court thoroughly analyzed and rejected the arguments made by plaintiff. The court found that the Committee went through the proper procedures by sending the Redevelopment Plan to the Planning Board for its review. The court also found that Ordinance 2022-17, which amended Ordinance 2022-15, contained a list of reasons for the adoption of the Redevelopment Plan. The trial court reasoned that even if the Redevelopment Plan was not consistent with the Master Plan, the adoption of Ordinance 2022-17 adequately set forth the reasons why the Committee had adopted the plan, nonetheless. The court then pointed out that N.J.S.A. 40A:12A-7(d) allows a municipal governing body to adopt a redevelopment plan that is inconsistent with the Township's Master Plan, so long as a majority of the Committee votes in favor of the Redevelopment Plan and the reasons for the actions are set forth in the Redevelopment Plan. In that regard, the trial court reasoned:

> [T]he Township determined that the [R]edevelopment [P]lan was not inconsistent with the [M]aster [P]lan.

9                                                                    A-3167-22

. . . But, as a backstop also provided, their reasons for why they wished to press forward, even if it was inconsistent.

This court finds, for the sake of this opinion, that the [R]edevelopment [P]lan does contain some inconsistencies with the [M]aster [P]lan in that it does not necessarily promote agricultural or open spaces, but the Township has the authority to overcome the [M]aster [P]lan by a majority vote, if they provide supportable reasons. The defendants here have provided those reasons and the Court is not charged with examining motives, [as] long as the actions are proper.

. . .

The court finds no fault with the substance of the Township's action simply because they chose to act by adoption of [Ordinance] 2022-17, rather than some amendment process that is being suggested on the [R]edevelopment [P]lan.

The trial court then concluded:

[P]laintiff has not provided sufficient evidence to support a finding that [] defendants' actions were arbitrary, capricious, or unreasonable. There is, at a minimum, a finding that the [R]edevelopment [P]lan is, in part, inconsistent with the [M]aster [P]lan. But upon a majority vote of the governing body and with the articulated and supported reasons, the new ordinance has cured any possible defect.

Plaintiff now appeals from the May 15, 2023 order granting summary judgment to Active and dismissing its complaint with prejudice.

II.

On appeal, plaintiff presents two arguments. First, it contends that the trial court erred in finding the adoption of Ordinance 2022-17 was not arbitrary and capricious. In that regard, plaintiff asserts that the Committee never made a finding of inconsistency with the Master Plan. Plaintiff also contends that Ordinance 2022-17 is not supported by sufficient evidence. Second, plaintiff asserts that the Committee did not properly amend Ordinance 2022-15. The governing law and record do not support either of those arguments and, therefore, we reject them.

A. Our Standard of Review.

We review a grant or denial of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014). Therefore, we accord no deference to a trial court or municipal bodies when reviewing legal issues, including statutory interpretation. 388 Route 22 Readington Realty Holdings, LLC v. Twp. of Readington, 221 N.J. 318, 338 (2015).

Courts accord municipal ordinances a presumption of validity and reasonableness. First Peoples Bank of New Jersey v. Twp. of Medford, 126 N.J. 413, 418 (1991). That presumption of validity also attaches to the adoption of a redevelopment plan under the LRHL. Downtown Residents for Sane Dev. v. City of Hoboken, 242 N.J. Super. 329, 332 (App. Div. 1990). Accordingly, a party challenging the validity of a municipal ordinance, or the adoption of a redevelopment plan, must establish that the adoption was arbitrary, capricious, or unreasonable. First Peoples Bank, 126 N.J. at 418; Vineland Const. Co., Inc. v. Twp. of Pennsauken, 395 N.J. Super. 230, 256 (App. Div. 2007); Downtown Residents, 242 N.J. Super. at 332.

B.     The Adoption of the Redevelopment Plan.

The LRHL outlines the process to determine whether an area is "in need of rehabilitation."  See N.J.S.A. 40A:12A-14.  That statute provides that the governing body of a municipality can delineate an area as in need of rehabilitation if that delineation "may be expected to prevent further deterioration and promote the overall development of the community; and that there exist in that area any of the following conditions" including, "a significant portion of structures that are in a deteriorated or substandard condition;" or "the majority of the water and sewer infrastructure in the delineated area is at least fifty years old and is in need of repair or substantial maintenance."  Ibid.  Plaintiff has not challenged the delineation of the Property as an area in need of rehabilitation.

Before adopting a resolution that an area is in need of rehabilitation, the governing body "shall submit it to the municipal planning board for its review."  Ibid.  The statute goes on to provide:  "Within forty-five days of its receipt of the proposed resolution, the municipal planning board shall submit its recommendations regarding the proposed resolution, including any modifications which it may recommend, to the governing body for its consideration."  Ibid.

No redevelopment project can be undertaken unless a redevelopment plan is adopted by ordinance. N.J.S.A. 40A:12A-7. The LRHL states that a "redevelopment plan shall include an outline for the planning, development, redevelopment, or rehabilitation of the project area sufficient to indicate" certain delineated criteria. N.J.S.A. 40A:12A-7(a). In addition, the LRHL states:

> All provisions of the redevelopment plan shall be either substantially consistent with the municipal master plan or designed to effectuate the master plan; but the municipal governing body may adopt a redevelopment plan which is inconsistent with or not designed to effectuate the master plan by affirmative vote of a majority of its full authorized membership with the reasons for so acting set forth in the redevelopment plan.
>
> [] Prior to the adoption of a redevelopment plan, or revision or amendment thereto, the planning board shall transmit to the governing body, within forty-five days after referral, a report containing its recommendation concerning the redevelopment plan.
>
> [N.J.S.A. 40A:12A-7(d) and (e).]

The New Jersey Supreme Court has instructed that courts are "to interpret the powers granted to the local planning board liberally and to accept its exercise of the powers so long as a necessarily indulgent judicial eye finds a reasonable basis, [that is], substantial evidence, to support the action taken." Levin v. Twp. Comm. of Bridgewater Twp., 57 N.J. 506, 537 (1971). The Court has also stated

14

that a "governing body must 'rigorously comply with the statutory criteria' to determine whether property is in need of redevelopment." Malanga v. Twp. of W. Orange, 253 N.J. 291, 314 (2023) (quoting 62-64 Main St., LLC v. Mayor & Council of Hackensack, 221 N.J. 129, 156 (2015)). We believe that the same rigorous standard applies to the determination of whether a property is in need of rehabilitation.

In its brief before us, plaintiff did not challenge the adoption of the Redevelopment Plan, apart from contending that Ordinances 2022-15 and 2022-17 were adopted arbitrarily and capriciously. Accordingly, plaintiff has waived any arguments challenging the adoption of the Redevelopment Plan or that the plan needed a rehabilitative component. See Woodland Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (explaining that an "issue not briefed on appeal is deemed waived")).

C.    The Adoptions of Ordinances 2022-15 and 2022-17.

As already noted, the LRHL sets forth the procedures for adoption of a redevelopment plan. See N.J.S.A. 40A:12A-7. Subpart (d) of N.J.S.A. 40A:12A-7 states:

> All provisions of the redevelopment plan shall be either substantially consistent with the municipal master plan

or designed to effectuate the master plan; but the municipal governing body may adopt a redevelopment plan which is inconsistent with or not designed to effectuate the master plan by affirmative vote of a majority of its full authorized members with the reasons for so acting set forth in the redevelopment plan.

The LRHL also states that the municipal planning board must review the redevelopment plan to determine if it is consistent or inconsistent with the master plan before the municipality's governing body adopts a redevelopment plan. In that regard, subsection (e) of N.J.S.A. 40A:12A-7 states, in relevant part:

> Prior to the adoption of a redevelopment plan, or revision or amendment thereto, the planning board shall transmit to the governing body, within forty-five days after referral, a report containing its recommendation concerning the redevelopment plan. This report shall include an identification of any provisions in the proposed redevelopment plan which are inconsistent with the master plan and recommendations concerning these inconsistencies and any other matters as the board deems appropriate. The governing body, when considering the adoption of the redevelopment plan or revision or amendments thereof, shall review the report of the planning board and may approve or disapprove or change any recommendation by a vote of a majority of its full authorized membership and shall record in its minutes the reasons for not following the recommendations.

At its September 8, 2022 public meeting, the Committee introduced Ordinance 2022-15, which proposed to adopt the Redevelopment Plan for the

16

Property. The Redevelopment Plan was attached to the proposed ordinance. That plan included the Planner's opinions and conclusions that the Redevelopment Plan was consistent with the Master Plan.

The Redevelopment Plan was then referred to the Planning Board for its review. Following a public meeting, and after considering the report and recommendations of its Planner, the Planning Board found that the Redevelopment Plan was not inconsistent with the Township's Master Plan.

Thereafter, the Committee conducted another public hearing and then voted to adopt Ordinance 2022-15 and the Redevelopment Plan. At that same meeting, the Committee also introduced Ordinance 2022-17 to amend sections of Ordinance 2022-15. Concerning the issue of the Redevelopment Plan's consistency with the Township's Master Plan, the Committee accepted the Planning Board's finding that the plan was not inconsistent with the Master Plan. The Committee also found that even if the Redevelopment Plan was later found to be inconsistent with the Master Plan, it would adopt the Redevelopment Plan despite those inconsistencies. In the amendments in Ordinance 2022-17, the Committee set forth the reasons why it was adopting the Redevelopment Plan even if it was inconsistent with the Master Plan. Those reasons included that

the Redevelopment Plan does not remove any active farmland from productive use and that the Property was not "targeted for agricultural use or preservation."

Ordinance 2022-17 was then sent back to the Planning Board and after a further review, which included a public hearing, the Planning Board determined that the Redevelopment Plan, as amended by the proposed Ordinance 2022-17, was still not inconsistent with the Master Plan. Thereafter, the Committee conducted yet another public hearing and voted to adopt Ordinance 2022-17.

We discern nothing arbitrary, capricious, or unreasonable about those procedures. Contrary to plaintiff's argument, the Committee did not approve a redevelopment plan that was inconsistent with the Township's Master Plan. The Planning Board twice found that the Redevelopment Plan was not inconsistent with the Master Plan. The Committee accepted that finding. To avoid a situation where the Committee would have to reconsider the Redevelopment Plan if a court found it to be inconsistent with the Master Plan, the Committee also stated that it would adopt the Redevelopment Plan even if it was inconsistent with the Master Plan. Significantly, the majority of the members of the Committee voted to approve that amendment. While such a procedure is not expressly called for in the LRHL, it is also not prohibited. Accordingly, we

A-3167-22

discern no reversible error in the Committee's decision to give an alternative reason for approving the Redevelopment Plan.

Plaintiff also contends that the trial court found that the Redevelopment Plan was inconsistent with the Master Plan. We do not agree with that reading of the trial court's decision. While the trial court stated there "is, at a minimum, a finding that the [R]edevelopment [P]lan is, in part, inconsistent with the [M]aster [P]lan[,]" we do not deem that to be a finding of fact. The court was proceeding on motions for cross-summary judgment. All parties, therefore, agreed that there were no material issues of disputed fact. We discern nothing in the record that would support a finding that the Redevelopment Plan was inconsistent with the Master Plan. In short, we interpret the trial court's well-reasoned decision to be an alternative ground for affirming the actions of the Planning Board and the Committee.

Plaintiff also argues that even if we agree that the adoption of Ordinance 2022-17 complied with the LRHL, the ordinance was still arbitrary, capricious, and unreasonable because it was not supported by sufficient evidence. In that regard, plaintiff contends that the Committee did not discuss the reasons for the adoption of Ordinance 2022-17. We reject this argument. We have explained that a board and a committee act as a body and the resolution can provide the

body's findings and conclusions. <u>Scully-Bozarth Post #1817 of Veterans of Foreign Wars of U.S. v. Plan. Bd. of City of Burlington</u>, 362 N.J. Super. 296, 312 (App. Div. 2003). Consistent with that legal principle, the Committee set forth the reasons for its adoption of Ordinance 2022-17 in the resolution.

Finally, plaintiff asserts that the Committee improperly amended Ordinance 2022-15 and did not fix the deficiencies in that Ordinance. In that regard, plaintiff argues that Ordinance 2022-17 did not change the language of the Redevelopment Plan. We find no support for this argument in the LRHL or any case law, and plaintiff has cited none. Accordingly, we reject this argument.

In summary, plaintiff failed to establish that Ordinances 2022-15 or 2022-17 were adopted arbitrarily or capriciously. It also failed to show that those Ordinances lacked substantial credible evidence supporting their adoption. We, therefore, agree with the trial court that plaintiff did not prove its allegations and its complaint in lieu of prerogative writs was properly dismissed with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3167-22