**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2270-17T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY as Trustee for
Morgan Stanley ABS Capital I Inc.,
Trust 2006-WMC2,

     Plaintiff-Respondent,

v.

AVERY PATRICK,

     Defendant-Appellant,

and

MRS. AVERY PATRICK, his wife;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
as a nominee for WMC MORTGAGE
CORP., CROSSPOINTE
CONDOMINIUM ASSOCIATION, INC.,

     Defendants.

_____

AVERY PATRICK,

     Third-Party Plaintiff-Appellant,

v.

WELLS FARGO BANK, NA,

       Third-Party Defendant-Respondent.

_____

          Submitted October 31, 2018 – Decided December 18, 2018

          Before Judges Reisner and Mawla.

          On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0289-17.

          Avery O'Neil Patrick, appellant pro se.

          Reed Smith, LLP attorneys for respondents (Henry F. Reichner, of counsel; Siobhan Anne Nolan, on the brief).

PER CURIAM

      Avery Patrick appeals from a December 1, 2017 order granting summary judgment dismissing his trespass counterclaim and third-party complaint against Deutsche Bank National Trust Company and Wells Fargo Bank, N.A. (Wells Fargo).[1]  Our review of the trial court's order is de novo, employing the Brill[2]

---

[1]  Patrick's trespass claim was primarily directed at Wells Fargo, the entity that directed the changing of the locks on his property after he defaulted on his mortgage.  We will refer to Wells Fargo as "plaintiff."

[2]  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

standard.  See Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016).  After considering the record in light of that standard, we affirm.

I

The case arises from a counterclaim and third-party complaint that Patrick filed in a foreclosure action.[3]  In 2006, Patrick obtained a loan secured by a mortgage that, in pertinent part, gave the mortgagee the right to enter the property to protect its interests, in the event of a default or in the event the property became abandoned.  We quote the relevant portions of paragraph nine of the mortgage:

> Protection of Lender's Interests in the Property and Rights Under this Security Instrument.  If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, . . .  or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . including . . . securing and/or repairing the Property . . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. . . .

---

[3]  The foreclosure complaint was eventually resolved, and Patrick's trespass and related claims were transferred to the Law Division.

A-2270-17T3

There is no dispute that Patrick defaulted on the mortgage in 2007. After the default, plaintiff had an inspection company inspect the property multiple times. Beginning in October 2007, the inspectors reported that the property was vacant and appeared to be abandoned. As a result, plaintiff secured the property by changing the locks. Several months later, Patrick contacted plaintiff and asked for a copy of the new keys to the property. After some delay, plaintiff provided him with a set of keys.

II

The statute of limitations for trespass is six years. See N.J.S.A. 2A:14-1. Patrick asserted a trespass claim for the first time on July 24, 2014. Plaintiff changed the locks on his property on October 25, 2007, almost seven years earlier. Consequently, the trespass claim was time-barred.

However, even if the claim was timely, it is without merit. The mortgage documents explicitly gave plaintiff the right to enter and secure the mortgaged property in the event of default or if it became abandoned. Plaintiff submitted legally competent evidence that it received inspection reports, and those reports supported its reasonable belief that the property was abandoned. Specifically, a series of inspection reports, submitted by an independent inspection company,

4

indicated that as of October 25, 2007, the property was "vacant." A later report indicated that the utilities had been turned off.

Moreover, Patrick did not call plaintiff to complain about the locks being changed, until the end of January 2008. He submitted no evidence to show he made any effort between October 25, 2007, and January 26, 2008, to gain access to the property. When Patrick called plaintiff in January 2008, he told the operator that he did not remember the last time he had been in the home. Nor did he submit evidence that he paid the utility bills in 2007 or 2008.

On this record, plaintiff was entitled to conclude that Patrick defaulted on the mortgage and abandoned the property. Pursuant to the unambiguous terms of the mortgage, plaintiff was entitled to change the locks and secure the property. See Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 316-17 (App. Div. 2017). Hence, the trespass claim was properly dismissed on summary judgment.

Patrick's argument concerning the alleged application of the anti-eviction statute was not raised in the trial court. See N.J.S.A. 2A:18-73 to -76. We ordinarily will not consider claims asserted for the first time on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). But even if we were to consider the argument, the anti-eviction statute does not apply, because

Patrick was not plaintiff's tenant. Patrick's claim for destruction of personal property was not supported by any proof of damages. Neither argument warrants further discussion. R. 2:11-3(e)(1)(E).

Patrick did not brief the issues of consumer fraud and breach of the covenant of good faith and fair dealing, claims the trial court rejected. Because he did not brief those issues on appeal, they are waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2270-17T3