**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2064-18T3

MARIE N. JEAN LOUIS
DERAVIL, Individually,
and as Administratrix of the
ESTATE OF AMELIA CIUS,

     Plaintiff-Appellant,

v.

RAPHAEL J. PANTALEONE,
JENNIFER E. BLANDA,
TOWNSHIP OF HAMILTON,
COUNTY OF MERCER, STATE
OF NEW JERSEY, and PSE&G,

     Defendants-Respondents.

_____

Argued October 17, 2019 – Decided November 1, 2019

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0075-15.

Robin Kay Lord argued the cause for appellant (Robin Kay Lord, LLC, and Bidlingmaier & Bidlingmaier, PC attorneys; Robin Kay Lord, on the brief).

Alan Joseph Baratz argued the cause for respondent Township of Hamilton (Weiner Law Group LLP, attorneys; Barry Avram Stieber, on the brief).

John K. Maloney, Assistant Mercer County Counsel, argued the cause for respondent County of Mercer (Paul R. Adezio, Mercer County Counsel, attorney; John K. Maloney, on the brief).

PER CURIAM

Plaintiff Marie Jean Louis Deravil, as administratrix of the Estate of Amelia Cius (decedent), appeals from April 27, 2018 orders granting summary judgment to defendants Township of Hamilton (Township) and County of Mercer (County) and a June 8, 2018 order denying her motion for reconsideration.[1] We affirm.

The facts are as follows. On January 29, 2013, at 9:30 p.m., decedent was struck by a car on Whitehorse-Mercerville Road. The driver of the car told the responding officer it was dark, but the conditions were clear that evening. The driver explained he did not see decedent attempting to cross the street because she was wearing dark clothing. According to the complaint, "decedent . . . attempted to cross Whitehorse-Mercerville Road, at or near its intersection with

---

[1] On appeal, plaintiff failed to brief denial of her motion for reconsideration. An issue not briefed on appeal is deemed waived. See Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 318-319 (App. Div. 2017).

A-2064-18T3

Justice Samuel A. Alito Jr. Way . . . ." Despite the existence of crosswalks at intersections located near where decedent was hit by an oncoming car, she elected to enter the roadway at a point not designated for crossing.

The area where decedent was fatally struck lacked functioning street lights. According to plaintiff, trees and utility poles obstructed the view of the road for both pedestrians and drivers.

At the point of impact, the sidewalk on the eastern side of Whitehorse-Mercerville Road abruptly terminated. The terrain after the sidewalk ended was uneven and sloped. Plaintiff's counsel speculated that decedent entered the roadway because the sidewalk ended. However, plaintiff's complaint and counterstatement of undisputed facts in opposition to defendants' motions for summary judgment allege decedent was attempting to cross Whitehorse-Mercerville Road when she was stuck by an oncoming car and the road presented a dangerous condition. Because plaintiff alleged the road was a dangerous condition, she argued the Township and County were liable for decedent's death under the Tort Claims Act (TCA or Act), N.J.S.A. 59:1-1 to 12.3.

After discovery, the Township and the County moved for summary judgment, arguing they were not liable for the death under the TCA. The Township argued it did not own or control the road to impose liability on it under

the TCA. The County argued the road was not a dangerous condition and therefore it was also not liable.[2] Both argued decedent failed to exercise due care in crossing the road.

In granting summary judgment to the Township and the County, the judge found the road was not a dangerous condition under the TCA. The judge also determined the Township did not own, control, or maintain the roadway or streetlights and therefore could not be liable for any dangerous condition of the road. The judge further concluded summary judgment was appropriate because decedent "chose to take this risk," "presumably could see cars coming," and thus failed to exercise due care in crossing the road.

The judge, relying on Vincitore ex rel. Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119 (2001), determined the purpose of the road was to facilitate vehicular travel and plaintiff presented no evidence suggesting the road was unsafe for that purpose. In addition, the judge explained plaintiff provided no evidence the road was unsafe for pedestrians who used it in a normal and foreseeable manner by crossing at designated crosswalks. Further, the judge held decedent's "use of the road was so objectively unreasonable that the

_____

[2] The County admitted responsibility for the road in accordance with a 1979 agreement with the Township. However, PSE&G was responsible for the street lighting and light poles.

condition itself cannot be said to have caused the injury." The judge considered decedent's failure to use the designated crosswalks to conclude decedent's conduct was unreasonable.

On appeal, plaintiff argues the judge erred in determining decedent's conduct was objectively unreasonable as a result of her failure to use due care by crossing the road at the designated crosswalks. Plaintiff contends the failure to cross in a crosswalk "does not eliminate liability of the public entity for creating a dangerous condition."

Plaintiff further argues the abrupt termination of the sidewalk "could reasonably be interpreted as a signal to the pedestrian that it is unsafe to travel further and that she must cross the street to continue her path forward." Plaintiff claims a person crossing the street where the sidewalk ended should have been reasonably foreseeable to defendants.

Prior to the judge granting summary judgment, plaintiff never claimed the dangerous condition was the termination of the sidewalk. Before the entry of summary judgment for defendants, plaintiff argued the road and the sight obstructions along the road, including lack of adequate street lighting, trees, and light poles, created a dangerous condition imposing liability on the public entities for decedent's death. Even plaintiff's expert reports focused on the road

 A-2064-18T3

and various sight obstructions along the roadway as the alleged dangerous condition.

Our review of the grant of summary judgment is de novo, employing the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)). Under that standard, summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting Templo, 224 N.J. at 199); accord R. 4:46-2(c). We owe no deference to the motion judge's conclusions on issues of law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

To hold a public entity liable for a dangerous condition of public property, a plaintiff must satisfy the requirements of N.J.S.A. 59:4-2.

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred . . . .
>
> [N.J.S.A. 59:4-2.]

Under the TCA, a "[d]angerous condition" "means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). Whether property is a "dangerous condition" is often, but not always, a determination to be made by a jury. Vincitore, 169 N.J. at 123-24. "[L]ike any other fact question before a jury, [that determination] is subject to the court's assessment whether it can reasonably be made under the evidence presented." Id. at 124 (quoting Black v. Borough of Atl. Highlands, 263 N.J. Super. 445, 452 (App. Div. 1993)).

In Vincitore, the Supreme Court set forth the test under the TCA for determining if a property presents a "dangerous condition":

> The first consideration is whether the property poses a danger to the general public when used in the normal, foreseeable manner. The second is whether the nature of the plaintiff's activity is "so objectively unreasonable" that the condition of the property cannot reasonably be said to have caused the injury. The answers to those two questions determine whether a plaintiff's claim satisfies the Act's "due care" requirement. The third involves review of the manner in which the specific plaintiff engaged in the specific activity. That conduct is relevant only to proximate causation, N.J.S.A. 59:4-2, and comparative fault, N.J.S.A. 59:9-4.
>
> [Vincitore, 169 N.J. at 126 (quoting Garrison v. Twp. of Middletown, 154 N.J. 282, 292 (1998)).]

A-2064-18T3

Plaintiff claimed the road was a dangerous condition in accordance with the TCA. However, plaintiff presented no evidence that the road itself was dangerous. The termination of the sidewalk, inadequate street lighting, or the location of trees and utility poles were not physical characteristics attendant to the road. In determining whether a dangerous condition of public property exists under the TCA, the court examines the "physical condition of the property itself and not to the activities on the property." Wymbs v. Twp. of Wayne, 163 N.J. 523, 532 (2000) (quoting Levin v. Cty. of Salem, 133 N.J. 35, 44 (1993)). Thus, absent a defect to the road, no liability under the TCA attaches to the Township or the County.

In reviewing the evidence, no jury could conclude that the road was a dangerous condition in accordance with the TCA. The driver was using the road as intended at the time of the accident. Further, decedent's use of the road was so objectively unreasonable that the condition itself could not have caused the injury. Decedent was walking across a four lane roadway, at night, while wearing dark clothing. Decedent's conduct was indicative of a lack of due care, precluding a finding of any actionable dangerous condition to impose liability on the Township or the County.

A-2064-18T3

Having reviewed the record, the judge correctly concluded that plaintiff failed to satisfy the first two prongs of <u>Vincitore</u>, warranting summary judgment in favor of the public entities.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2064-18T3