**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1073-23

ICONA GOLDEN INN, LLC,

     Plaintiff-Appellant,

v.

STRUXURE OUTDOOR, INC.
f/k/a ARCADIA LOUVERED
ROOFS, INC. and POST TO
POST LLC,

     Defendants-Respondents.

_____

Argued January 13, 2025 – Decided September 11, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2959-19.

Christopher Gillin-Schwartz (Gillin-Schwartz Law, LLC) argued the cause for appellant.

Barbara E. Riefberg argued the cause for respondent Struxure Outdoor, Inc. f/k/a Arcadia Louvered Roofs (Shimberg & Friel, PC, attorneys; Barbara E. Riefberg, of counsel and on the brief; Mary T. Madden, on the brief).

Charles W. Sandman, III, attorney for respondent Post to Post LLC.

The opinion of the court was delivered by

GUMMER, J.A.D.

Plaintiff Icona Golden Inn, LLC (Icona) claimed in this lawsuit a roofing system it had purchased for its hotel was defective and failed to perform as promised. Icona sued the system's manufacturer, defendant Struxure Outdoor, Inc. (Struxure), and installer, defendant Post to Post LLC (Post). In its decision granting defendants' summary-judgment motions, the trial court found plaintiff had demonstrated the existence of some genuine issues of material fact but granted the motions because it found plaintiff had failed to present adequate proof of damages or ascertainable loss. Plaintiff appeals from the summary-judgment orders and subsequent orders awarding judgment and counsel fees and costs to Post on Post's counterclaim. Based on our de novo review, we reverse the summary-judgment orders, and, because of that reversal, we vacate the other orders.

I.

We discern the material facts from the summary-judgment record, viewing the evidence in a light most favorable to plaintiff, the non-moving party. See Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 71 (2024).

On February 14, 2018, plaintiff and Post entered into a written agreement in which plaintiff agreed to pay Post $182,000 to supply and install at plaintiff's Avalon, New Jersey hotel an Arcadia Louver Roof system manufactured by Struxure. The proposal executed by plaintiff and Post did not include the installation of structural posts or columns. Plaintiff retained an engineer to design a steel structure on which the roof system would be placed. The executed proposal stated Post offered a one-year "warranty for installation and workmanship" and "Arcadia" offered "a limited lifetime warranty covering manufacturer parts and materials." Post completed the installation of the roof system on or about June 6, 2018. According to a June 6, 2018 invoice, plaintiff had paid Post $130,000 and owed Post $52,000 on the original contract and $5,619.92 on an "add-on addendum contract."

During a "torrential downpour" that occurred after the installation, the system failed. The drainage system was not adequate to handle the water from the storm, resulting in overflowing gutters. Post sent an engineer to assess the

problem and recommend solutions. Plaintiff did not implement the engineer's recommendations and claims defendants failed to correct their allegedly faulty product and installation.

In 2019, plaintiff filed a complaint against defendants. Plaintiff alleged Struxure had represented in its marketing material that its products are "engineered and designed to withstand all types of weather conditions from heavy snow to high winds" and that "[w]ater is directed from the louvers to gutters, and down through downspouts either independent or incorporated into columns." According to plaintiff, Post portrayed itself as a "specialist in exterior building products" and "the installation of Struxure's product." Plaintiff asserted that "[i]mmediately following the installation of the roof," it had "experienced issues with its function including but not limited to water leakage, drainage system problems, and problems with the louver turning mechanism." Plaintiff claimed "the product as specified and its installation were defective and prevented the product from performing as it had been represented to plaintiff" and, consequently, plaintiff had suffered damages, including "the money spent on the product and installation" and the "negative impact[] [plaintiff had experienced regarding its] intended use in connection with its event space." Plaintiff pleaded causes of action for violations of the New Jersey Consumer

Fraud Act (CFA), N.J.S.A. 56:8-1 to -228, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and breach of warranty. Both defendants answered the complaint. Post filed a counterclaim, alleging plaintiff, by not paying for the work Post had performed, had breached their contract and the implied covenant of good faith and fair dealing, had been unjustly enriched, and had violated the New Jersey Prompt Payment Act, N.J.S.A. 2A:30A-1 to -2.

After the parties completed discovery, Struxure moved for summary judgment. Struxure argued the CFA claim should be dismissed because the CFA does not apply to this transaction. Struxure also contended the complaint in its entirety should be dismissed because plaintiff's liability expert witness had rendered an inadmissible net opinion and plaintiff had failed to prove damages. Post moved for summary judgment on the same grounds. The court heard argument and, on April 4, 2022, issued orders and a written decision granting both motions and dismissing the complaint with prejudice.[1] The court found

---

[1] The record contains only the order granting Post's motion; it does not contain the order regarding Struxure's motion. However, in its April 4, 2022 written decision, the court addressed and granted both motions and dismissed the complaint with prejudice. In addition, at the beginning of the trial of Post's counterclaim, the court stated it had issued two orders on April 4, 2022, one order granting Post's motion and one order granting Struxure's motion.

genuine issues of material fact existed as to the applicability of the CFA and rejected defendants' net-opinion argument. The court granted the motions because it found plaintiff had not shown any quantifiable or ascertainable loss.

After conducting a bench trial on Post's counterclaim, the court entered an order on September 14, 2023, in which it awarded Post a judgment of $122,070.82, representing a final contract balance of $57,619.82 plus "finance charges," and permitted Post to submit a certification of counsel fees and costs "incurred due to non-payment." The court entered an order on October 27, 2023, awarding Post $24,632.95 in counsel fees and costs and amending the September 14 judgment to include that amount.

On appeal, plaintiff argues the court erred in granting summary judgment and "afford[ing] no deference" to plaintiff as the non-moving party on the issue of damages when it found genuine issues of fact existed regarding the application of the CFA claim. Plaintiff also contends the court abused its discretion by entering judgment against the weight of the evidence.

II.

We review a trial court's order on summary judgment de novo and apply the same standard used by the trial court. Boyle v. Huff, 257 N.J. 468, 477 (2024). "In ruling on a summary judgment motion, a court does not 'weigh the

A-1073-23

evidence and determine the truth of the matter'; it only 'determine[s] whether there is a genuine issue for trial.'" C.V. ex rel. C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305-06 (2023) (alteration in original) (quoting Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021)). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). If the "competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party," the movant is not entitled to summary judgment. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also Globe Motor Co., 225 N.J. at 480. A court should grant summary judgment "[o]nly 'when the evidence is so one-sided that one party must prevail as a matter of law.'" Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 257 (2018) (quoting Brill, 142 N.J. at 540 (1995)) (internal quotation marks omitted).

Contrary to the trial court's finding as to damages, defendants did not meet that standard, and, accordingly, we reverse the court's orders granting the summary-judgment motions. Because the court granted summary judgment

7

based on its conclusion plaintiff had failed to substantiate its alleged damages, we focus on that aspect of the case.

To state a CFA claim, a private plaintiff "must show that [it] suffered an 'ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any . . . practice declared unlawful under' the CFA." Robey v. SPARC Grp. LLC, 256 N.J. 541, 547 (2024) (quoting N.J.S.A. 56:8-19). "[A]scertainable loss . . . has been broadly defined as embracing more than a monetary loss." Union Ink Co. v. AT&T Corp., 352 N.J. Super. 617, 646 (App. Div. 2002). "A plaintiff can establish an ascertainable loss by demonstrating either an out-of-pocket loss or a deprivation of the benefit of one's bargain." Robey, 256 N.J. at 548; see also Finderne Mgmt. Co., v. Barrett, 402 N.J. Super. 546, 574 (App. Div. 2008) (finding "New Jersey recognizes the benefit-of-the-bargain damages in fraud cases"). "When a consumer claims that there is a difference in value between an item as advertised and the item as delivered, but the item is not worthless, the benefit-of-the-bargain theory of damages is applicable." Robey, 256 N.J. at 556-57. "[W]hen a seller misrepresents [an] item's essential qualities and the item received is ultimately worthless of its intended purpose," the "entire purchase price of [the] item is recoverable." Id. at 556.

8

To prevail on a breach-of-contract claim, a plaintiff must demonstrate it sustained a loss as a result of the defendant's breach of the contract at issue. EnviroFinance Grp., LLC v. Env't Barrier Co., 440 N.J. Super. 325, 345 (App. Div. 2015). "[P]roof of damages need not be done with exactitude. . . . It is therefore sufficient that the plaintiff prove damages with such certainty as the nature of the case may permit, laying a foundation which will enable the trier of the facts to make a fair and reasonable estimate." Totaro, Duffy, Cannova & Co. v. Lane, Middleton & Co., 191 N.J. 1, 14 (2007) (quoting Lane v. Oil Delivery Inc., 216 N.J. Super. 413, 420 (App. Div. 1987)). To establish a breach of the implied covenant of good faith and fair dealing, a plaintiff must show the defendant "engaged in some conduct that denied the benefit of the bargain originally intended by the parties." Robey, 256 N.J. at 565 (emphasis omitted) (quoting Brunswick Hills Raquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 225 (2005)). To establish unjust enrichment, a plaintiff must show the "defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994); see also Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 317 (App. Div. 2017) ("to establish unjust enrichment, plaintiff must show that it expected remuneration from defendant at the time it performed or conferred a

A-1073-23

benefit on defendant and that the retention of that benefit without payment would be unjust"). "[T]o state a claim for breach of express warranty, a plaintiff must establish 'the failure of the goods to perform as warranted.'" Robey, 256 N.J. at 565 (quoting Ford Motor Credit Co. v. Mendola, 427 N.J. Super. 226, 242 (App. Div. 2012)).

Affirming the dismissal of the complaint, the Court in Robey concluded the plaintiffs were not entitled to damages because they had not purchased items that were defective, damaged, or worth less than what the plaintiffs had paid for them. Robey, 256 N.J. at 556. Thus, the plaintiffs had not demonstrated the defendant caused the plaintiffs to suffer any loss. Id. at 565. We cannot reach the same conclusion in this case. Here, viewing the evidence in a light most favorable to plaintiff as we must, a reasonable factfinder could conclude plaintiff paid $130,000 towards the purchase and installation of a roofing system that failed when it rained due to its design or installation. And, contrary to the trial court's finding, that showing of damages is sufficient to defeat defendants' summary-judgment motions.

Because we reverse the orders granting summary judgment, we vacate the subsequently-issued orders granting Post judgment and counsel fees and costs on its counterclaim. The court made credibility determinations in its decision

awarding judgment to Post after conducting a bench trial on Post's counterclaim. Accordingly, we direct the case be assigned to a different judge on remand.  See Freedman v. Freedman, 474 N.J. Super. 291, 308 (App. Div. 2023) (directing reassignment of the case on remand because the court had commented on credibility).

Reversed in part, vacated in part, and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-1073-23