**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3799-23

TOWNHOMES AT ST. REGIS
WALK ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

MARCIA COPELAND,

    Defendant-Appellant.

_____

          Submitted November 20, 2025 – Decided February 10, 2026

          Before Judges Marczyk and Puglisi.

          On appeal from the Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-005961-20.

          Marcia Copeland, self-represented appellant.

          McGovern Legal Services, LLC, attorneys for respondent (Andrew L. Unterlack, on the brief).

PER CURIAM

Defendant Marcia Copeland appeals from the Chancery Division's July 19, 2024 order granting additional payment to plaintiff Townhomes at St. Regis Walk Association, Inc. We affirm.

I.

Plaintiff is a homeowners association governed by a recorded declaration of covenants, conditions and restrictions, and by-laws. Owners of property in the association must contribute to common expenses, pay annual and special assessments, and are responsible for interest, reasonable attorneys' fees, costs, and late charges, all of which become both a personal obligation and a continuing lien on the property. If an owner fails to pay assessments, plaintiff is authorized to foreclose against the property and to recover all sums due.

In 1994, defendant acquired an investment property in the association, which was subject to the association's governing documents. In August 2018, plaintiff recorded a claim of lien for $12,083.95 against defendant's property, which it amended to $17,182.42 in February 2020, reflecting unpaid assessments, late fees, legal charges, and collection costs levied in accordance with the governing documents. Defendant failed to pay certain amounts due, and the unpaid balance continued to accrue monthly assessments, late fees, and legal fees. As of June 4, 2024, defendant's outstanding balance was $36,727.80.

2

On May 7, 2020, plaintiff filed a foreclosure complaint, followed by an amended complaint. A process server attempted personal service three times: May 28, June 1, and June 15, 2020, but no one answered at the property. On June 30, 2020, plaintiff mailed the complaint by first-class mail and certified mail, return receipt requested. The certified mail was returned to sender as unclaimed, but the concurrent first-class mailing was not returned. Defendant did not answer the foreclosure complaint.

Plaintiff first sought entry of default against defendant on October 30, 2020, and again on November 19, 2020, but both applications were denied for lack of required proofs of service. On December 4, 2020, plaintiff resubmitted a request to enter default with the process server's affidavit and evidence of attempted certified mailing.

Plaintiff moved for attorneys' fees and costs, which defendant opposed. The court awarded $3,340.30 to plaintiff by order dated February 19, 2021.

On March 18, 2021, plaintiff moved for final judgment, supported by certifications, itemized account records, and proof of claimed amounts totaling $16,030.30 ($12,690 in lien assessments plus $3,340.30 in attorneys' fees and costs per court order). Plaintiff mailed the notice and supporting documentation by first-class and certified mail, return receipt requested. Defendant did not

3

oppose the motion. On April 13, 2021, the court entered an uncontested final judgment and writ of execution, authorizing a sheriff's sale.

Pandemic restrictions delayed the sheriff's sale, and in March 2022, plaintiff moved for additional assessments, late fees, and legal expenses incurred post-judgment. Defendant did not oppose the motion. On April 14, 2022, the court ordered an additional $5,343.50 to be paid from the proceeds of any foreclosure sale.

In June 2024, plaintiff moved for additional sums incurred after the last order, supported by certifications of counsel and management, invoices, and an account ledger showing defendant's continued delinquency. Defendant did not oppose the motion.

On July 19, 2024, the court granted the motion and directed payment of $8,483.18 in additional advances from the sale proceeds, including $4,590 in assessments (April 2022 to June 2024), $650 in late fees, $42.50 for a trash violation fine, and $3,200.68 in legal fees. On July 29, 2024, defendant sought emergent relief to stay the sheriff's sale, which was denied.

II.

On July 29, 2024, defendant filed a notice of appeal from the April 13, 2021 final judgment. Her September 10, 2024 amended notice of appeal added

4

the July 19, 2024 order for additional sums.  In the ensuing motion practice, we limited defendant's appeal to the July 19, 2024 order because her notice of appeal from the April 13, 2021 judgment was over three years late.

Despite our repeated circumscription of this appeal to the order for additional sums, defendant's merits brief does not address that order.  Instead, it challenges other orders entered in the foreclosure matter, discusses due process, standing to sue, and jurisdiction, and alleges fraud upon the court, real estate fraud, wrongful/illegal foreclosure, breach of contract, and miscarriage of justice.

Defendant did not oppose the motion for additional sums; therefore, these issues are raised for the first time on appeal.  We ordinarily decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance.  Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).  Neither circumstance is present in this matter.

Defendant's brief also does not address the order on appeal.  "An issue not briefed on appeal is deemed waived."  Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)).  Although the issue is deemed waived,

we note plaintiff was entitled to fees and costs under its declaration and by-laws, and its motion was supported by certifications and documentation for the requested amounts. We therefore discern no abuse of discretion in the order for additional sums.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

6

A-3799-23