**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1267-24

NATIONSTAR MORTGAGE LLC,

    Plaintiff-Respondent,

v.

MARIO C. VILLAVICENCIO,
his heirs, devisees and personal
representatives, and his/her, their,
or any of their successors in right,
title, and interest, NENITA S.
VILLAVICENCIO, her heirs,
devisees and personal
representatives, and his/her, their,
or any of their successors in right,
title, and interest,
MRS. VILLAVICENCIO, Wife
of Mario C. Villavicencio, MR.
VILLAVICENCIO, Husband of
Nenita S. Villavicencio,

    Defendants-Appellants,

and

LVNV FUNDING LLC,

    Defendant.

_____

Submitted January 15, 2026 – Decided March 31, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-001976-24.

Mario C. Villavicencio and Nenita S. Villavicencio, self-represented appellants.

Frenkel Lambert Weiss Weisman & Gordon, LLP, attorneys for respondent (Timothy Ziegler, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendants Mario C. Villavicencio and Nenita S. Villavicencio appeal from an August 16, 2024 order granting summary judgment in favor of plaintiff Nationstar Mortgage LLC.[1] We affirm.

On January 23, 2007, defendants executed a note and mortgage in the amount of $215,000 in favor of JPMorgan Chase Bank, N.A. (JPMorgan), secured by a property located on Clendenny Avenue in Jersey City. Although

---

[1] Although defendant's notice of appeal also lists an August 16, 2024 order denying their cross-motion to dismiss the appeal and a November 12, 2024 order denying their motion to fix the amount due, their brief does not address these orders. "An issue not briefed on appeal is deemed waived." Woodlands Cmty. Ass'n, Inc. v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)).

2

the note was dated January 23, 2007, the mortgage was dated January 23, 2006. Both the note and mortgage referenced a loan number ending in 1464 and were recorded on February 7, 2007.

Defendants subsequently executed loan modifications on May 25, 2010, March 15, 2012, and June 3, 2014. All three loan modifications referenced the 1464 loan number and indicated the date of the first note and mortgage was January 23, 2007.

During the life of the loan, the mortgage was reassigned multiple times to other entities and, at the time of the complaint, was assigned to plaintiff. As reflected in the recorded documents, each successive loan assignment noted the date of the mortgage was January 23, 2006. On September 1, 2023, defendants defaulted on the loan by failing to make the required payments.

On February 27, 2024, plaintiff filed this foreclosure action against defendants, to which defendants filed a contesting answer. Among other denials and defenses, defendants alleged the mortgage was void because of errors in the original mortgage document and contended they did not receive a notice of intention to foreclose (NOI).

Plaintiff moved for summary judgment. In its supporting statement of material facts, plaintiff asserted it mailed the NOI to each defendant by certified

3

mail, return receipt requested, at the mortgaged property address on November 16, 2023. Plaintiff's certification annexed to the motion included a copy of the NOIs and corresponding postal tracking numbers.

In response, defendants cross-moved to dismiss the complaint. In their responses to plaintiff's statement of facts, defendants admitted they executed a $215,000 note to JPMorgan on January 23, 2007. However, they denied the accompanying mortgage was executed the same day, as indicated by the January 23, 2006 notary date written on the mortgage. Defendants did not dispute the assignments of the mortgage, pointing out the assignments "confirm[ed] the [m]ortgage was executed on January 23, 2006."

Defendants also did not dispute having signed the loan modification agreements, but claimed they were void because they "misstate[d] the existence of a [m]ortgage dated January 23, 2007." They admitted defaulting on the note but denied it was secured by the mortgage, and they denied receiving the NOIs.

Plaintiff's certification in opposition to the cross-motion provided partially unredacted copies of the note, mortgage, and loan modifications, which showed they all bore the same loan number, and the postal tracking verifying the mailing of the NOIs. Plaintiff also attached a copy of defendants' December 18, 2013 petition for bankruptcy. On Schedule D of the petition, entitled

"Creditors Holding Secured Claims," defendants listed JPMorgan, noted as "Chase," as a creditor to a joint real estate mortgage opened January 1, 2007, with a value of $187,984. Plaintiff's responses to defendants' counterstatement of material facts were consistent with its initial statement of material facts.

In its August 16, 2024 oral decision on plaintiff's summary judgment motion and defendants' cross-motion to dismiss, the court noted defendants' "only challenge . . . [to] the validity of the mortgage is that on the front page it lists a 2006 date instead of the actual date which is 2007." The court found the error did not render the mortgage invalid because the modifications, which defendants signed to their benefit, listed the correct year of 2007.[2] It further opined that "perhaps most telling is the inclusion of the 2007 mortgage in the bankruptcy filing, filed under oath by" defendants. Thus, the court found there was "no valid challenge to the validity of the mortgage."

The court also rejected defendants' challenge to service of the NOI, finding it to be a misstatement of the law. It explained a mortgagee must only prove it mailed the NOI, not that the mortgagor received it, and plaintiff's proofs

---

[2] The court incorrectly stated the assignments noted the correct year, but they all indicate 2006.

A-1267-24

made that showing. The postal tracking also indicated one NOI was delivered to an individual, which the court noted was more than the law required.

Accordingly, the court granted plaintiff's motion for summary judgment and denied defendants' cross-motion to dismiss. The court struck defendants' answer, entered default, and returned the action to the Office of Foreclosure to proceed as an uncontested matter. On appeal, defendants reprise their contentions the 2006 mortgage did not secure the 2007 note, and service of the NOI did not comport with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68.

We review de novo a trial court's ruling on a motion for summary judgment, "applying the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

The court must decide whether "there is [a] genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-

6

06 (2014) (first quoting R. 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

We are unpersuaded by defendants' argument there was a genuine issue of material fact as to the existence of a valid mortgage securing the note. The mortgage and note bear the same loan number, are dated January 23, and were recorded the same day. The loan modifications, which defendants executed without objection, indicate the loan number and a 2007 mortgage origination date. Although the assignments list the 2006 date, this appears to be nothing more than a perpetuation of the scrivener's error on the initial mortgage. As the trial court noted, defendants' sworn bankruptcy filing lists the mortgage as encumbering the property, with a 2007 origination date. Thus, we conclude the mortgage secured the note.

Turning to the NOI, a residential mortgage lender must establish it served an NOI as required by the FFA. In U.S. Bank National Ass'n v. Guillaume, 209 N.J. 449, 470 (2012), our Supreme Court explained: "The [NOI] is a central component of the FFA, serving the important legislative objective of providing

timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure." The FFA provides the NOI must be "sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b).

Contrary to defendants' contention, the FFA's notice provision only requires proof the NOI was mailed, not that it was received: "The notice is deemed to have been effectuated on the date the notice is delivered in person or mailed to the party." Ibid. As verified by the postal tracking, the NOIs were sent on November 16, 2023 by certified mail to each defendant individually at the mortgaged property, thus satisfying the FFA's notice requirement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division